## ALABAMA GREAT SOUTHERN RAILROAD COMPANY *v.* ALLISON.

1. The court erred in charging the jury as follows: "To run a train at high rate of speed, and without signals of approach, when the train-men have reason to believe there are persons in exposed positions on the track, as over an unguarded crossing in a populous district of a city, or where the public are wont to pass on the track with such frequency and in such numbers, and the facts are known to those in charge of the train, as that they will be held to a knowledge of the probable consequences of maintaining greater speed without warning, so as to impute to them reckless knowledge in respect thereto, would render the employer liable for injuries resulting therefrom, notwithstanding there was negligence on the part of those injured, and no fault on the servants after seeing the danger." This charge was not authorized by the pleadings nor the evidence in the case.

2. Grounds of a motion for a new trial complaining that the verdict is contrary to certain portions of the charge raise no question for decision by this court not raised by the general ground in the motion for a new trial, that the verdict is contrary to law.

3. The court below did not err in refusing to grant a nonsuit.

July 13, 1911.

Action for damages. Before Judge Fite. Dade superior court. August 1, 1910.

A. E. Goodhue and Foust, Payne & Tatum, for plaintiff in error.

BECK, J. A. B. Allison, administrator of the estate of W. M. Allison deceased, brought suit against the Alabama Great Southern Railroad Company to recover damages for the homicide of his intestate in the State of Alabama, alleging that the killing was wrongful and tortious, being the result of the negligent operation of a locomotive and train of the defendant company by its employees. Petitioner pleaded the Alabama statutes authorizing suit by the personal representative of a decedent to recover damages for the death of his intestate in cases of the character set forth in the petition. On the trial a verdict was rendered in favor of the plaintiff. Upon the refusal of the court below to grant a new trial, upon a motion duly made, the defendant excepted.

1. Error is assigned upon the following charge of the court: "To run a train at high rate of speed, and without signals of approach, when the trainmen have reason to believe there are persons in exposed positions on the track, as over an unguarded crossing in a populous district of a city, or where the public are wont to pass on the track with such frequency and in such numbers, and the facts are known to those in charge of the train, as that they will be held to a knowledge of the probable consequences of maintaining greater speed without warning, so as to impute to them reckless knowledge in respect thereto, would render the employer liable for injuries resulting therefrom, notwithstanding there was negligence on the part of those injured, and no fault on the servants after seeing the danger." This charge was unauthorized by the evidence in the case. It was properly challenged on that ground. In fact, neither the pleadings nor the facts as developed on the witness stand afforded any basis for the instructions quoted. While it was alleged that the train approached the crossing in question at a high rate of speed, it was not alleged nor was there evidence to show that the train was run or the crossing approached "without signals of approach" or without "warning." Judging from the context, the portion of the charge criticised was in the language of a decision rendered by the Supreme Court of Alabama, but the case from which it is taken is not cited in the charge itself nor in the brief of counsel. But, as was said in the case of Savannah Railway Co. v. Evans, 115 Ga. 318 (41 S. E. 632, 90 Am. St. R.

116), "Some of the charges which were complained of in the present case seem to be literal copies of headnotes made by the Supreme Court of Florida in a case decided by that court. It is claimed that it was not error to use the language of the Florida court, for the reason that the case was to be tried according to the law of Florida, and anything which was declared to be the law of that State by the court of last resort was a proper subject of instruction to the jury. This position is not sound. There are many things said by this court, both in headnotes and opinions, that are sound law, but which nevertheless would be improper instructions to a jury. This court as well as the Supreme Court of Florida may use language which would be appropriate in a headnote or opinion, but which would be grossly improper when embodied in a charge to a jury. *Merritt* v. *State,* 107 *Ga.* 676 (4) [34 S. E. 361]; *F. C. & P. Railroad Co.* v. *Lucas,* 110 *Ga.* 127-8 [35 S. E. 283]." See also, in this connection, the case of *Lay* v. *N., C. & St. L. Ry. Co.,* 131 *Ga.* 345 (62 S. E. 189). The admonitions contained in the extract from the decision of this court above quoted should be observed by judges of the trial courts when instructing the jury.

We base the judgment of reversal in this case upon the error contained in that portion of the charge set forth above. But attention should also be called to the following charge of the court complained of in the first ground of the amended motion for a new trial: "When a railroad runs its track through a district of a city, town, or village, densely populated, and the demands of trade and public intercourse necessitate the frequent crossing of the track, it is the duty of those operating the engine over the track in such places to keep a lookout. This duty is not specially imposed by statute, but arises from the likelihood that in such places there are persons on the track, and the bounden duty to guard against inflicting death or injury in places and under circumstances where and when it is likely to result, unless due care is observed. This duty arises when the circumstances exist which call for its exercise." This language seems also to have been taken from a decision rendered by the Supreme Court of Alabama; and it might well have been criticised upon the ground that it contains an expression of an opinion on the facts of the case by the judge in his charge to the jury. This specific exception, however, was not made. The exceptions which were urged are, themselves, somewhat vague and

uncertain, and of such a character that we do not feel authorized to declare the charge error upon the specific objections stated in the motion. But inasmuch as a new trial is granted upon another ground, we thought it proper to point out the obvious error in the excerpt last quoted.

2. Grounds of a motion for a new trial complaining that the verdict is contrary to certain portions of the charge raise no question for decision by this court not raised by the general ground in the motion for a new trial, that the verdict is contrary to law.

3. The court below did not err in refusing to grant a nonsuit.

*Judgment reversed. All the Justices concur.*