## HOGAN *v.* HOGAN.

No. 14675. NOVEMBER 10, 1943.

*Thomas E. McLemore* and *Robert T. Efurd,* for plaintiff in error.
*William F. Buchanan* and *Mary J. Payne,* contra.

ATKINSON, Justice. Mrs. Arline Hogan filed against Ernest C. Hogan a petition for permanent alimony, which alleged substantially the following. Plaintiff and defendant were married on April 15, 1926, and lived as husband and wife until about a month before this suit was filed. Plaintiff worked and used her salary to help buy groceries and furnishings for the home. Plaintiff and defendant lived happily until recently when defendant became infatuated with another woman, and consulted astrological charts and learned that the birthdate of plaintiff and his birthdate do not coincide so as to make for a happy marriage. Under the above circumstances defendant ceased living with plaintiff as a husband, and is insisting that she vacate their home. Plaintiff barely earns enough to support herself, while defendant is a practicing lawyer and has a growing practice. Plaintiff has no property. Defendant is the owner of described property.

The defendant answered, denying the allegations of the petition, and alleging that he was forced to leave because of continuous nagging of plaintiff, which affected his health.

On the trial the evidence was conflicting as to who was at fault, and whether defendant left on account of the nagging, or in an effort to get rid of plaintiff.

The jury returned a verdict allowing plaintiff $25 per month until her remarriage, and awarding her the full equity of defendant in the home. The exception is to the overruling of the defendant's motion for new trial.

■ The first ground complains of the admission of evidence as follows: Q. "Have you got anything from Mr. Hogan in the way

of alimony?" A. "None whatsoever." Objection: "If your honor pleases, what is the relevancy of that? The only question is one of alimony, and I don't see how that would be relevant in this particular case." This is not such an objection to testimony as presents any question to this court. An objection that evidence is "incompetent" or "inadmissible" is not a good objection. *Gordon* v. *Gilmore,* 141 *Ga.* 347 (2 *a*) (80 S. E. 1007). Neither is an objection "that it is incompetent and inadmissible" well taken. *Richardson* v. *State,* 141 *Ga.* 782 (2) (82 S. E. 134). It has been held that an objection stating that it is "incompetent, immaterial, and irrelevant" is not a proper objection. *Kirkland* v. *Ferris,* 145 *Ga.* 93 (4 *a*) (88 S. E. 680). An objection on the sole ground that it is irrelevant is not such an objection as would be reversible error to overrule.

■ The second and third special grounds complain because one witness for the plaintiff was allowed to testify that her character was beyond reproach, and because the court permitted another witness to testify that her reputation was excellent, over the objection that the evidence was irrelevant and immaterial, and that the character of plaintiff was not in issue. The plaintiff while under cross-examination by the defendant's counsel testified: "As to whether I ever threatened to go out and act as a streetwalker—I certainly did not. I never made the statement to [defendant] . . that 'I am going out and act as a streetwalker; and if I have a child, I will name it after you.'" Furthermore, when the defendant took the stand he testified that the plaintiff did make the above and other similar threats to him. We hold that the plaintiff's character had been put in issue by the defendant's testimony. In so ruling we have merely assumed that the objections to the testimony and the assignments of error were complete.

■ In ground 4 the movant complains that the court erred in sustaining an objection by the plaintiff's counsel, and in refusing to allow the defendant to answer a question as follows: Q. "Have you done all within your power to reconcile the differences?" A. "I suppose I have." It is insisted that the exclusion of the above evidence was harmful, for the reason that whether the defendant had done all in his power was a fact and not a conclusion. The attorney for the defendant, by appropriate questions could have asked the defendant to state to the jury just what he did to bring

about a reconciliation between himself and his wife, and in response to such questions a statement by the defendant of the particular things he did to bring about a reconciliation would have been admissible. However, for the defendant to say that he had done all he could to bring about a reconciliation was purely a conclusion of the witness. He did not state, as a fact, any particular thing that he had done; and had he done so, the question whether this was all that he could have done to bring about a reconciliation would have been for determination by the jury.

■ In ground 5 the movant assigns error on the refusal of the court to charge, upon timely written request, an excerpt from an opinion of this court in *Ross* v. *Ross,* 169 *Ga.* 524, 526 (150 S. E. 822), where the court was discussing acts sufficient to constitute cruel treatment.

It is not always proper for the court to charge the jury in language used in one of the decisions of this court. *Macon Railway & Light Co.* v. *Vining,* 123 *Ga.* 770 (2), 771 (51 S. E. 719); *Southern Cotton-Oil Co.* v. *Skipper,* 125 *Ga.* 368 (9) (54 S. E. 110); *Alabama Great Southern Railroad Co.* v. *Allison,* 136 *Ga.* 586, 588 (71 S. E. 800); *Chedel* v. *Mooney,* 158 *Ga.* 297 (11) (123 S. E. 300). The language that the court was requested to give in charge employed illustrations involving facts different from those in the present case, some of which denoted extremely flagrant and highly reprehensible conduct. It also included the statement, "we hold that the acts specified in the libel as having been committed by the husband towards the wife constitute cruel treatment," which language might have confused the jury as to the issue in the present case. Where as in the instant case, the facts were different from those referred to in the excerpt from the *Ross* case, the court did not err in refusing to instruct the jury as requested.

■ The judge instructed the jury: "In finding the amount of alimony, if any, to be awarded to the wife, you will consider the financial status of the husband, the value of his estate, if any; his income, his resources, the extent of his earning capacity. And then you will determine from the evidence submitted to you—and you may take into account both the direct and circumstantial evidence bearing on these particular questions. You will consider his health, his age, the number of dependents whom he may legally be obliged to support, if any; and you may consider the defendant's

position in society, his manner and style of living. The policy of the law is that if the wife is blameless in respect to the separation, such alimony should be awarded as to secure to her the same social standing, the same comforts and luxuries of life, which she probably would have enjoyed but for the enforced separation." Ground 6 complains of the language, "such alimony should be awarded as to secure to her the same social standing, the same comforts and luxuries of life, which she probably would have enjoyed but for the enforced separation." The criticism is that the charge (a) is speculative, and a jury has no basis to determine the wife's future social status; (b) is misleading in that a jury could decide that the movant would be rich in short order or make more money than the record discloses, and predicate a verdict thereon; and (c) is not a sound principle of law. Immediately following the quoted instruction, the judge charged the jury: "You will consider the husband's personal living expenses and his business expenses. You will likewise consider the position and station of the wife in society, and take into account the circumstances of the wife, whether she has any separate estate of her own, any property of her own, any income of her own; her ability to earn money, whether or not she is employed, if she has capacity to earn money; her age, and the condition of her health."

Considered in connection with its context the charge was not erroneous for any reason assigned.

The evidence, though conflicting, was sufficient to support the verdict, and the court did not err in overruling the motion for new trial.        *Judgment affirmed. All the Justices concur.*