## 31003. LOFTIN *v.* CARROLL COUNTY BOARD OF EDUCATION.

DECIDED SEPTEMBER 19, 1945.

*Earl Staples, J. L. Smith,* for plaintiff in error.

*Robert D. Tisinger, Willis Smith,* contra.

SUTTON, P. J. This case was a proceeding by the Carroll County Board of Education against J. A. Loftin, to establish a copy of a lost deed, executed by J. A. Loftin to said board of education, and the sole issue as presented by the pleadings and the evidence was whether or not the deed in question conveyed a fee-simple title or contained a reversionary clause to the effect that, if the land conveyed ceased to be used for school purposes, the title thereto would revert to the grantor, his heirs or assigns. The jury returned a verdict in favor of the plaintiff; the defendant made a motion for a new trial, which was overruled; and the exception is to that judgment.

1. The evidence was in conflict, and counsel for the plaintiff in error concede in their brief that the jury was authorized under

the evidence to find in favor of either party. This statement is correct, and, accordingly, it is ruled that the verdict in favor of the plaintiff was authorized by the evidence, and the court did not err in overruling the motion for new trial on the general grounds.

2. It is complained in special ground 1 of the motion that the court erred in the admission of the following evidence of R. J. Lyle, a witness for the plaintiff, "After this deed was executed and accepted by the board of education, we did establish a local school district and local school there, and voted bonds to build the schoolhouse. And those bonds are outstanding now. . . We established a local school district and floated bonds. We built a new schoolhouse after the first one was burned, but did not float additional bonds. We did that by subscription. Those bonds are still outstanding"—over the objections urged by the movant at the time the evidence was offered, "that the same was irrelevant and immaterial and said evidence was inadmissible beyond a doubt." This was not a valid assignment of error, as it does not appear that the evidence was prejudicial or harmful to the plaintiff in error. *Staples* v. *State,* 37 *Ga. App.* 97 (139 S. E. 94); *Wise* v. *State,* 52 *Ga. App.* 98, 101 (182 S. E. 535); *Barrett* v. *Brunswick,* 56 *Ga. App.* 575, 577 (193 S. E. 450); *Hogan* v. *Hogan,* 196 *Ga.* 822, 824 (28 S. E. 2d, 74), and cit. Furthermore, evidence similar to that objected to was admitted without objection, which shows that this ground is without merit, even if it be conceded that the assignment of error therein was valid.

3. It is contended in special ground 2 that the following charge of the court was error—"Gentlemen, that makes up the issue between the parties in this case. There is only one issue for you to pass upon. Both the defendant and the plaintiff admit that a deed was executed, as contended in this case, the plaintiff contending that it was a straight warranty deed, without any reservation"—in that this charge amounted to an expression of an opinion and to a direction of a verdict against the defendant, and was misleading and confusing to the minds of the jury. This ground is without merit. The judge stated to the jury in the next sentence after the portion complained of that "the defendant contending it was a deed with a reservation to the effect that, when the property ceased to be used for educational purposes, it was to revert to the grantor, the defendant in this case, his heirs or assigns." The charge of the

court in this respect correctly stated the issue and the contentions of the parties in respect thereto, and the charge complained of is not error for any reason assigned.

4. The verdict was authorized by the evidence, no error of law appears, and the court did not err in overruling the motion for a new trial. *Judgment affirmed. Felton and Parker, JJ., concur.*