## 54583. ASSOCIATED DISTRIBUTORS, INC. et al. v. STROZIER.

BANKE, Judge.

The appellee, Abner R. Strozier, sued the appellants for damages arising out of injuries he sustained in an automobile accident. The accident occurred when the rear end of a truck owned by appellant, Associated Distributors, Inc., and driven by its employee, appellant Willie B. Little, "flipped around" and hit appellee's stopped car as the employee attempted to stop at an intersection.

The appellants appeal the denial of their motion for new trial on the general and special grounds. The appellee has filed a motion asking this court to award him damages on the ground that the appeal is frivolous.

1. (a) The appellants allege that the trial judge erred in permitting a witness to testify, over objection, that the appellee's musical group had been rated in Downbeat Magazine, a trade publication. Assuming, arguendo, that it was error to admit this testimony, the error was harmless because a later witness testified about this same fact without appellants' counsel raising any objection. See *Loftin v. Carroll County Bd. of Ed.,* 72 Ga. App. 823 (2) (35 SE2d 309) (1945); *Mullinax v. Turner,* 83 Ga. App. 1 (3) (62 SE2d 398) (1950).

(b) The appellants' second enumeration of error states that the trial judge wrongfully permitted appellee's counsel to play portions of a musical recording to the jury. The objection made at trial was that the record was not in any way relevant to the issues at trial. "An objection [to evidence] on the sole ground that it is irrelevant is not such an objection as would be reversible error to overrule." *Hogan v. Hogan,* 196 Ga. 822, 824 (28 SE2d 74) (1943); *Atlanta Coca-Cola Bottling Co. v. Ergle,* 128 Ga. App. 381 (1) (196 SE2d 670) (1973).

(c) When appellee's attorney referred in closing argument to the deterioration of appellee's marriage which occurred as a result of his injuries in the accident, appellee began to sob loudly. The judge promptly excused the jury. The appellants then moved for a mistrial, but the motion was denied. Upon return of the jury, the judge

charged them to ". . . forget all about it (appellee's outburst) and do not let it enter into your deliberations in this case in any manner whatsoever." Appellants allege that it was error to deny their motion for mistrial.

Many, if not most, trials by jury involve some degree of emotion by at least one party or the other. It would be unreasonable to expect that all emotions be completely frozen during a trial by jury when such effective bridle on emotions cannot be sustained elsewhere. It is the duty of the trial judge to control such emotions before a jury to the extent that he can reasonably do so; and, if it is apparent that such emotional outburst by a party may influence the jury either for or against his interest, the trial judge should give appropriate cautionary instructions to the jury. The able trial judge did so in this case. If a mistrial was demanded in every case when there was an emotional outburst by a party or witness, few trials would be completed. This enumeration of error is without merit.

(d) The appellants contend that the charges given the jury were contradictory. Specifically, they claim it was error for the trial judge to charge that the jury could award the appellee damages in such sum as they found represented his loss of wages. The evidence introduced at trial justified the trial judge in giving the charge. See *Green v. Trevena,* 142 Ga. App. 621 (1) (236 SE2d 775) (1977). Furthermore, it was necessary for the judge to charge the jury on how to compute damages for lost wages. The Georgia Motor Vehicle Accident Reparations Act states that each vehicle owner's insurance must provide a minimum coverage of 85% of the [owner's] loss of income during his disability (see Code Ann. § 56-3403b (b) (2)), but no explanation is given on how damages are computed. While it may have been better procedure for the trial judge to have organized his instructions so that his charge on loss of earnings included appropriate instructions pertaining to computation of damages when "no fault" insurance is in issue, we do not find that the charges, as given, were confusing. See *Merritt v. State,* 110 Ga. App. 150 (137 SE2d 917) (1964); *Green v. Trevena,* supra. This enumeration of error is without merit.

There was no error in denying appellant's motion for new trial on the special grounds.

2. The evidence introduced at trial provided ample support for the jury's verdict. There was, therefore, no error in denying appellants' motion for new trial on the general grounds.

3. The appellee has moved for the imposition of 10% damages for a frivolous appeal under Code § 6-1801. While we have determined appellants' enumerations of error to be without merit, we find that the enumerations regarding the charges given to the jury were arguable and did not require a finding that they were interposed solely for purposes of delay. See *Brown v. Rooks,* 139 Ga. App. 770 (1) (229 SE2d 548) (1976). For this reason, appellee's motion for damages under Code § 6-1801 is denied.

*Judgment affirmed. Shulman and Birdsong, JJ., concur.*

ARGUED OCTOBER 11, 1977 — DECIDED
DECEMBER 1, 1977.

*Hutcheson & Hull, Ward D. Hull,* for appellants.
*Glenville Haldi, John W. Folsom,* for appellee.