## 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

LYLE, TRUSTEE & OTHERS v. COMMERCIAL NATIONAL BANK
AND OTHERS.

AUGUST 4, 1896.

Absent, Keith, P., and Harrison, J.

1. CHANCERY PRACTICE—*Appointment of a Receiver.*—The appointment of a
receiver is always a matter resting in the sound judicial discretion of
the court, to be exercised or refused as may be right and proper un-
der all the circumstances of the case.  Upon a bill filed to set aside
a deed upon the ground that it was made with intent to hinder, delay,
and defraud the complainant and others, creditors of the grantor,
and that a fictitious debt was therein secured, and praying the appoint-
ment of a receiver, the action of the trial court in appointing a re-
ceiver will not be reversed where it appears that the grantor and
trustee had notice of the intended application, and did not, by affi-
davit or otherwise, deny the fraudulent intent of the grantor, or
knowledge thereof of the trustee, or the character of the debt
charged to be fictitious.

Appeal from a decree of the Hustings Court of the city
of Roanoke, pronounced February 17, 1894, in a suit in
chancery wherein the appellees were the complainants, and
the appellants and others were the defendants.

*Affirmed.*

The opinion states the case.

*S. Griffin* and *Edward Lyle,* for the appellants.

*Thos. W. Miller, Lucien H. Cocke, Moomaw & Woods* and
*Scott & Staples,* for the appellees.

BUCHANAN, J., delivered the opinion of the court.

This is an appeal from a decree appointing a receiver in a suit brought by the appellees against the appellants and others to set aside two deeds of trust, on the ground that they were made for the purpose of hindering, delaying, and defrauding the appellees and other creditors of the grantors.

It is unnecessary to consider the allegations of the bill further than is required to determine the propriety of the court's action in appointing the receiver, as that is the only question brought up on this appeal.

The bill alleges that the deeds of trust were made with the intent to hinder, delay, and defraud the appellees and other creditors of the grantors; that the trustee and beneficiaries in the deeds had full knowledge of this fraudulent intent; that the trustee was an attorney at law, and had no experience in, and no capacity for, carrying on a large clothing and barroom business, such as was contemplated by the provisions of the deed of trust; that he did not own property in his own name of greater value than $500; that he was pecuniarily irresponsible for the large trust reposed in him; that one of the debts secured by the deed of trust, naming it, was in part, if not wholly, fictitious, and that the trustee was the attorney who drew the deed, and had full knowledge of all the circumstances in reference to the indebtedness, and pretended indebtedness of the grantors in the deed, and that the property conveyed was still in the possession of the grantors.

Upon the hearing of the motion for the appointment of a receiver, which was made after giving notice to the appellants, affidavits were filed by both parties. From these it appeared that the trustee had experience in business and "that he was not only competent but well qualified to act as trustee in closing up a mercantile business, or any business of like character."

The trustee himself made an affidavit showing that he had taken immediate possession of the trust property, and as soon as he was authorized to do so.

But there was no denial by the appellant debtor of the allegations in the bill charging that the conveyances were made with the intent to hinder, delay, and defraud the appellants and other creditors, and to secure a fictitious debt· Neither was there any denial by the appellant trustee of the charges that he had knowledge of the fraudulent intent of the grantors, nor of the character of the indebtedness which was charged to be fictitious. It is claimed in argument by the counsel of the appellants that the only question in issue before the court when the receiver was appointed, was as to the competency of the trustee to perform the duties reposed in him by the deeds of trust. This, however, is denied by opposing counsel. The question before us must therefore be considered and decided upon the case as made in the trial court, as shown by the record.

The appointment of a receiver is always a matter resting in the sound judicial discretion of the court, to be exercised or refused as may be right and proper under all the circumstances of the case. It is not to be exercised rashly, or when it would be productive of injustice or injury to private rights. The court must be satisfied that such relief is needful, and that it is the appropriate means of securing an appropriate end. High on Receivers, sec. 3; 2 Story's Eq., sec. 830; 3 Pomeroy's Eq., sec. 1331; and 1 Barton's Chy. Pr., 481–2.

The appellants were charged with fraud in the bill which was sworn to. They had an opportunity to deny these charges and failed to do so. The property conveyed by the deeds of trust was large, much of it personal and of a character that required careful and faithful attention to secure the best results for the creditors. One of the trusts provided for a continuation of the barroom business for a period of

five years, with power given to the trustee to make purchases to continue the business, which, together with the other costs attending the execution of the trust, were to be paid before the creditors could receive anything on their debts.   Under these circumstances we cannot say that the Hustings Court erred in appointing a receiver to take possession of the property conveyed and hold it until the further order of the court.

The decree complained of must be affirmed.

*Affirmed.*