10150.  CENTRAL MANUFACTURERS MUTUAL INSURANCE CO.
v. GRAHAM.

STEPHENS, J.  1. Where a fire-insurance policy insures against loss or damage to personalty, caused by fire or water used in extinguishing or checking fire, and damages are claimed under such policy by the insured, a failure upon the part of the insurance company to investigate the alleged loss or damage, and a denial upon the part of the company of any liability whatsoever upon the ground that such loss or damage was not recoverable under the policy, but arose from some cause not covered by the policy, may be considered as evidence of bad faith on the part of the insurance company in refusing to pay for such loss or damage, when it appears that the insured had within the proper time notified the insurance company of his loss or damage and had requested payment therefor, stating that such loss or damage had been caused by fire and water, the same being a loss or damage for which the insurance company was liable under the policy.  Such refusal upon the part of the insurance company to adjust or pay for any loss or damage claimed, after having received such notice and demand for payment, constitutes evidence of bad faith in a suit based upon section 2549 of the Civil Code of 1910, even though the insured, in a subsequent conversation with the insurer's adjuster, claimed damages for such loss by reason solely of concussion from dynamite, a ground not covered by the policy.  Particularly does such refusal on the part of the insurance company under the above circumstances constitute evidence of bad faith when it appears from the evidence of the insurer's adjuster that, within a few days after such conversation with the insured and within thirty days after the loss occurred, the former was put on notice by the attorney for the insured that such loss or damage was covered by the policy, having been caused by water used to extinguish or check fire, and that the insured so claimed.

2. For the reasons above set out it was not error to exclude the testimony of a witness who was an employee of the insurance company, to the effect that the insurance company refused to investigate the alleged loss because the insured had claimed damages not covered by the policy, and because it had been reported to the witness that the insured had so claimed and would not comply with the rules of the insurance company, but was demanding the full value of the policy.

3. The right of an insurance company to require preliminary proof of loss under the terms of a fire-insurance policy is, upon denial of any liability, waived.  Civil Code (1910), § 2490.

4. In a suit to recover against an insurance company for loss or damage arising under an insurance policy, where attorney's fees and damages for bad faith are claimed under the Civil Code (1910), § 2549, a failure on the part of the insured to recover the full amount claimed and sued for will not, after a denial of any liability whatsoever by the insurance company, preclude the insured from recovering against the insurance company such penalty or attorney's fees on account of any bad faith on the part of the insurance company in refusing to pay the loss.

5. "Direct testimony as to market value is in the nature of opinion evidence. One need not be an expert or dealer in the article, but may testify as to value, if he has had an opportunity for forming a correct opinion." Civil Code (1910), § 5875.

6. If the court erred in its charge to the jury as to the credibility of the witnesses as claimed in the 14th ground of the amendment to the motion for a new trial, the charge was as favorable to the plaintiff in error as to the defendant in error, and therefore was harmless. The 7th, 8th, and 9th grounds of the amendment to the motion for a new trial, not being insisted upon by counsel for plaintiff in error, · are treated as abandoned.

7. The remaining assignments of error are wholly without merit.

8. The evidence is sufficient to authorize the inference that the insurance company acted in bad faith and that the damage was caused from water used to check or extinguish fire; and it otherwise supports the verdict.

Judgment affirmed. Broyles, P. J., and Bloodworth, J., concur.

DECIDED SEPTEMBER 20, 1919.

Action on insurance property; from Fulton superior court—Judge Ellis. September 28, 1918.

*Moore & Pomeroy,* for plaintiff in error.

*Hendrix & Silverman,* contra.