37199. CANAL INSURANCE COMPANY *v.* WINGE BROTHERS, INC.

DECIDED JUNE 23, 1958.

*Sharpe & Sharpe, T. Ross Sharpe, Malone Sharpe,* for plaintiff in error.

*J. Ellis Pope, Alvin L. Layne,* contra.

NICHOLS, Judge. 1. The first and third special grounds of the defendant's amended motion for new trial assign error on the admission of evidence which it alleges to be conclusions.

The first special ground complains that the president of the plaintiff corporation was permitted to answer a question over objection with reference to insurance allegedly obtained from another insurance company after the date of the loss sued for in the present case, and the third special ground assigns error on the admission of evidence over objection as to whether the plaintiff corporation was negotiating with another insurance company for insurance coverage at the time the alleged loss sued for was sustained.

" 'Where a witness testifies to a fact, the presumption is, in the absence of anything to the contrary, that he is testifying from his own knowledge.' *Shaw* v. *Jones, Newton & Co.,* 133 *Ga.* 446 (66 S. E. 240) ; *Reaves* v. *Columbus Electric & Power Co.,* 32 *Ga. App.* 140, 150 (122 S. E. 824)." *Johnson* v. *Woodward Lumber Co.,* 76 *Ga. App.* 152, 153 (45 S. E. 2d 294). "Where a witness testifies as to his knowledge of a fact which would ordinarily come within his observation in the course of his business, and where no effort is made on cross-examination to show that the statement is based upon a conclusion rather than upon the witness's observation, the admission of such statement will not be held reversible error." *Haynes* v. *State,* 80 *Ga. App.* 99 (3) (55 S. E. 2d 646).

Therefore, in the present case, where the statements objected to in these special grounds of the amended motion for new trial were not clearly conclusions of the witnesses and no effort was made to show on cross-examination that they were conclusions, no reversible error is shown.

2. Special grounds 2 and 7 assign error on the rejection of

certain evidence dealing with payments made to the plaintiff by the defendant on losses occasioned by the plaintiff prior to the loss sued on.

"The court did not err in excluding evidence tending to show, that, some five months prior to the burning of the goods covered by the policy sued on, the plaintiff had suffered another loss by fire, in no way connected with the loss which was the subject matter of the action on trial, and had compromised with the insurance company which had issued a policy on the other goods." *Queen Ins. Co. v. Van Giesen*, 136 *Ga.* 741 (3) (72 S. E. 41).

While the loss was purportedly paid in the present case by the same company just prior to the loss sued on, the principle is the same, and it was not error to exclude the evidence dealing with a prior loss.

3. Special grounds 4 and 5 assign error on the admission of evidence with reference to the attorney's fees sued for. One objection made was: "If the court pleases, I object to that. This could be a hundred-dollar suit and the file could be the same." The other objection was: "He knows better than to ask that question because here is one [a request for admissions] right here where I couldn't file an answer because they waived it and the record so shows."

Neither of these objections was sufficient to raise any question for decision for neither objection showed why the evidence was prejudicial or harmful. See *Loftin* v. *Carroll County Bd. of Ed.*, 72 *Ga. App.* 823, 824 (35 S. E. 2d 309), and citations. An objection in the language: "We object to that," is insufficient. *Carroll* v. *Hill*, 80 *Ga. App.* 576, 577 (56 S. E. 2d 821).

4. Special ground 6 complains of the admission of certain testimony of an employee of the Southern Bell Telephone Company with reference to the identity of a person who placed a long distance call. The witness was the long distance operator who handled the call, and the evidence objected to was as follows: "Q. Who was the person who made the call, what did you say his name was? A. B. H. Tillman."

The witness fully explained that she had no independent memory of the call and that she was testifying as to the infor-

mation shown on the records of the telephone company by whom she was employed. The *record* of the long distance call was admitted in evidence without objection and the testimony of the witness was not harmful, if error, where the same evidence was admitted without objection.

5. Special ground 8 assigns error on an excerpt of the court's charge because the trial court did not further charge on the same subject.

The court charged in part: "Gentlemen, the burden rests on the plaintiff to sustain by a preponderance of the evidence his allegations and contentions." The objection urged seems to be that the trial court did not then specify each contention of the plaintiff and in particular the contention that had reference to the value of the vehicles damaged.

The charge properly placed the burden on the plaintiff to prove the contentions of its petition, and this necessarily included all its contentions, and had the defendant desired additional instructions they should have been the subject of a timely written request. No error is shown in this ground of the amended motion for new trial.

6. Special ground 9 assigns error on an excerpt of the charge wherein the jury was instructed that, since there had been an absolute refusal to pay the plaintiff's claim because it contended the policy had been canceled prior to the loss, it became unnecessary for the plaintiff to file a proof of loss as required under the provisions of the policy.

There was introduced in evidence a telegram sent the plaintiff by the defendant, in reply to the first notification of the loss, that the policy had been canceled prior to the loss. It was admitted that this telegram was sent. The evidence demanded a finding that the defendant has absolutely refused even to consider whether the loss was covered by its insurance, and this is true although the defendant did in later correspondence invite the plaintiff to show it why it contended the defendant was liable. Therefore the charge complained of was not error.

7. Special ground 10 assigns error on an excerpt from the charge wherein the jury was instructed in effect that the sound advice of its counsel given in good faith and based on the facts

of the case could be taken into account in considering the question of bad faith, but that it was a question for the jury to determine if the advice was based on the facts of the case, was in good faith, etc. No error is shown in this special ground of the amended motion for new trial.

8. Special ground 11 assigns error on an excerpt from the charge wherein the jury was authorized to find against the insurance company as to the penalty and attorney's fees authorized in certain cases under Code § 56-706 although it might not find the amount of the loss sued for to be as great as contended by the plaintiff.

" 'A failure on the part of the insured to recover the full amount claimed and sued for will not, after a denial of any liability whatsoever by the insurance company, preclude the insured from recovering against [it] such penalty or attorney's fees on account of any bad faith on the part of the insurance company in refusing to pay the loss.' *Central Mfrs. Ins. Co.* v. *Graham,* supra, [24 *Ga. App.* 199, 99 S. E. 434]; *Metropolitan Life Ins. Co.* v. *Lovett,* 50 *Ga. App.* 763, 766 (179 S. E. 253)." *New York Life Ins. Co.* v. *Williamson,* 53 *Ga. App.* 28, 38 (184 S. E. 755), and citations. Accordingly, this ground is without merit.

9. The remaining special grounds of the amended motion for new trial are but amplifications of the usual general grounds and will not be considered separately.

The evidence showed that the defendant issued a policy of insurance to the plaintiff corporation in which certain of the plaintiff's vehicles were insured among other things against loss by collision. The policy was to run for a definite period of time and, unless canceled, would have been in effect on the date of the loss sued for. On the day before the date of the alleged loss, the plaintiff's agent talked personally with the comptroller of the defendant insurance company with reference to the canceling of the policy, and the liability of the defendant depends solely on what took place at the meeting between these two persons, as the evidence, if the defendant was otherwise liable, supported the amount of the verdict as to the loss sustained.

The evidence was in sharp conflict as to whether the insurance, by agreement, was to be canceled as of this date or whether the insurance was to be canceled five days after the policy was to be delivered to the defendant or its agent. If the jury believed the evidence presented by the plaintiff, which it was authorized to do, the verdict was authorized by the evidence and the judgment denying the defendant's motion for new trial must be affirmed, for as was said by the Supreme Court in *Adler* v. *Adler*, 207 *Ga.* 394, 405 (61 S. E. 2d 824), "This court does not pass upon the credibility of witnesses, nor the weight to be given evidence on disputed facts. These are questions for the jury. Whether their verdict is contrary to the evidence, or contrary to its weight, or decidedly and strongly against i[t]s weight, is a question the law vests in the trial judge's discretion. He may grant a new trial on these grounds, but this court has no such power. Where the trial judge approves the verdict, the sole question for determination by this court is whether there is any evidence sufficient to authorize it." See also *Knox* v. *Knox*, 213 *Ga.* 677, 679 (101 S. E. 2d 89).

As to the penalty and attorney's fees found by the jury against the defendant insurance company under Code § 56-706, under the evidence adduced on the trial of the case, it cannot be said that the jury was not authorized to return a verdict for the plaintiff on these items.

The judgment denying the amended motion for new trial must be affirmed.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*