38721.   FIREMAN'S FUND INSURANCE COMPANY
OF SAN FRANCISCO v. STANDRIDGE.
38722.   CONTINENTAL INSURANCE COMPANY OF
NEW YORK v. STANDRIDGE.

DECIDED APRIL 4, 1961.

*Smith, Field, Ringel, Martin & Carr, H. A. Stephens, Jr.,* for plaintiffs in error.

*Davis & Davidson, John A. Darsey,* contra.

TOWNSEND, Presiding Judge. ■ Each policy contained the following provision: "Unless otherwise provided in writing added hereto, other insurance covering any building which is covered under this policy is prohibited. If, during the term of this policy, the insured shall have any such other insurance, whether collectible or not, and unless permitted by written endorsement added hereto, the insurance under this policy, insofar as it applies to the building(s) on which other insurance exists, shall be suspended and of no effect."

This provision did not void the insurance of either defendant on the ground that insurance was subsequently issued as to the same property by Cotton States Mutual for two reasons. The undisputed evidence on the trial was that the plaintiff was the owner of the house and did not authorize further insurance to be issued covering the house, although she did authorize insurance covering the furniture. Further, the Cotton States Mutual policy was not a contract between the plaintiff and the insurance company, but was a contract between her husband and that company. The forfeiture provision in the defendants' policies provides only that if *the insured* shall have other insurance the policy will be suspended. The Cotton States Mutual policy therefore has no relevancy to the defense in this case, based on the refusal to pay on the part of each defendant on the ground that the insured, at the time of loss, had other insurance on the building destroyed by the fire.

■ Each of the defendants' policies also contained the following provision: "No permission affecting this insurance shall exist, or waiver of any provision be valid, unless granted herein or expressed in writing added hereto." The plaintiff contends that the defendants are estopped to rely upon this provision of the policy because of the following undisputed facts: The plaintiff at no time authorized Mr. Davidson, who was engaged in a general insurance business, to take out additional insurance with another company or requested such insurance but merely stated that more coverage was needed. Davidson testified that he person-

ally decided to place the additional insurance with Continental Casualty because he considered it more liberal in regard to farm property; that he was chargeable with the knowledge that such other insurance, in the absence of written waiver or indorsement, would void the policy, but he simply did not realize those provisions were in the policies; that as to each company he was the local agent, that this authority included the writing of fire insurance policies, the authority and obligation to make appropriate indorsements upon such policies, to cancel policies, to accept premiums, and to countersign policies as agent. He further testified that his office would have placed an indorsement upon the policy permitting the insurance if they had thought it necessary, that the decision to divide the insurance between two companies was his own; that if he had realized these two policies were prejudiced there would have been some action taken, that "you hate to admit you got your hand in the cooky jar but I reckon that is right."

It is important to note at the outset that *Code* § 56-830 (prior to Ga. L. 1960, p. 289) was apparently in effect at all times when the various opinions hereinafter discussed were written.

One of the very first cases to consider the effect of the "other insurance" clause as applied to facts similar to the one in the instant case is *Carrugi v. Atlantic Fire Ins. Co.*, 40 Ga. 135 (2 Am. Rep. 567), in which the court held that an authorized agent's consent to the insured to procure additional fire insurance upon his property operated as a waiver of the insurance company's provision against other insurance. However, when the insurance company added to their policies a clause against waiver unless there is a written indorsement, the courts have held the insured strictly bound by such provision. *Western Assurance Co. v. Williams*, 94 Ga. 128 (21 S. E. 370); *Morris v. Orient Ins. Co.*, 106 Ga. 472 (33 S. E. 430). The effect of these holdings sharply restricted the holding of the *Carrugi* case, supra. In application the rule was rather harsh, but where the insured, in good faith, disclosed all facts to the insurer's agent, and where the latter in turn issued and delivered a policy which contained a condition that the policy would be void in the event some fact existed (such

as that the insured did not have title to the property sought to be insured) the courts have applied another rule holding that the knowledge of the agent is imputed to the principal, and the in-insurer will be deemed to have waived such provision in the policy. *Mechanics & Traders Ins. Co. v. Mutual Real Estate &c. Assoc.*, 98 Ga. 262 (25 S. E. 547).

In the *Mechanics* case, supra, at page 266, the court stated: " 'Conditions which enter into the validity of a contract of insurance at its inception may be waived by the agent, and are waived if so intended, although they remain in the policy when delivered'; and limitations therein upon the authority of the agent to waive such conditions otherwise than in writing attached to or indorsed upon the policy, are treated as referring to waivers made subsequently to the issuance of the policy."

*Johnson v. Aetna Ins. Co.*, 123 Ga. 404 (51 S. E. 339, 107 Am. St. Rep. 92) not only affirmed the *Mechanics* case, supra, but held the insurance company estopped to assert the forfeiture provision as a defense when its issuing agent had knowledge of the existence of a fact concerning the insured which would operate to void the policy, and the court further stated (Headnote 2) that: "Limitations in an insurance policy upon the authority of the agent of the company to waive the conditions of the contract of insurance are to be treated as referring to waivers made subsequently to the issuance of the policy."

These holdings have been reviewed, followed, and adhered to by later decisions. *Metropolitan Life Ins. Co. v. Hale*, 177 Ga. 632 (170 S. E. 875); *John Hancock Mutual Life Ins. Co. v. Yates*, 182 Ga. 213 (185 S. E. 268), (reversed on other grounds, 299 U. S. 178); *Brown v. Globe &c. Fire Ins. Co.*, 161 Ga. 849 (133 S. E. 260); *Swain v. Macon Fire Ins. Co.*, 102 Ga. 96 (29 S. E. 147); *Insurance Co. of North America v. DeLoach & Co.*, 3 Ga. App. 807 (61 S. E. 406); *Grantham v. Royal Ins. Co.*, 34 Ga. App. 415 (130 S. E. 589). Even in those cases where the insured is bound by the policy provision limiting the agent's authority to waive any provision unless indorsed in writing the courts have recognized the validity of the above rule by distinguishing it from the facts of the case the court was ruling upon. See *Golden v. National Life &c. Ins. Co.*, 189 Ga. 79 (5 S. E. 2d 198, 125 A.L.R. 838).

It follows that when an authorized agent of an insurance company has actual knowlege of the existence of a fact concerning the status of the potential policy holder or prospect, which fact would have the effect of voiding the policy, and when under such circumstances the insurance company issues a policy which contains a provision that the policy is void upon the existence of such fact, the insurance company is deemed to have waived such provision. The underlying principle seems to be that the knowledge of the agent is imputed to the principal. *Code* § 4-309. The fact that the insurance contract also contains a provision which limits the authority of such agent does not alter the result because such provision relates only to subsequent acts of the agent after the inception of the contract. *Everett-Ridley-Ragan Co. v. Traders Ins. Co.*, 121 Ga. 228 (48 S. E. 918, 104 Am. St. Rep. 99); *Peoples Bank v. Insurance Co. of North America*, 146 Ga. 514 (91 S. E. 684, L.R.A. 1917D 868). As stated in *Johnson v. Aetna Ins. Co.*, 123 Ga. 404, 410, supra: "As to matters arising subsequently to the issuance of the policy, the case wears a different aspect. The contract is then made, and both parties are on notice as to its terms. The insured is bound to know what are the rights of the company, and that none of them can be relinquished save in the manner pointed out in the policy; and he, on his part, will not be heard to urge a waiver by the company, unless it has been made in the manner required."

The limitation of waiver clause obviously is only applicable to the powers of an agent to waive certain provisions after the inception of the contract but before the loss occurs. *Johnson v. Aetna Ins. Co.*, supra, and *Standard Steel Works Co. v. Williams*, 158 Ga. 434 (124 S. E. 21). See also *Nowell v. British-American Assurance Co.*, 17 Ga. App. 46 (85 S. E. 498). *American Insurance Co. v. Hattaway*, 194 Ga. 15 (2) (20 S. E. 2d 406) is not applicable to the instant case in that neither estoppel nor waiver was an issue in the *American Insurance Co.* case. In the instant case both principles of estoppel and waiver are asserted and relied upon.

It follows that when the agent of the defendant Continental Casualty Company, with knowledge of the prior insurance he had

placed with Fireman's Fund, issued the second policy of insurance, exercising his own judgment in placing it with that company, this knowledge must be imputed to the insurer, which, when it issued the policy under these circumstances, waived the forfeiture provision relating to other insurance. The clause requiring such waivers to be in writing does not require a different ruling because it refers to waivers subsequent to issuance of the policy.

■ As to the case of Fireman's Fund. Ins. Co., the following holding in *Corporation of Royal Exchange Assurance of London v. Franklin*, 158 Ga. 644 (1, 1a) (124 S. E. 172, 38 A.L.R. 626) is controlling: "A provision in a policy of fire insurance that, 'No officer, agent, or other representative of this company shall have power to waive any of the terms of this policy, unless such waiver be written upon or attached hereto, nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the assured unless so written or attached,' is valid and binding upon the insured. (a) But the insurer may be estoppped from relying upon this provision as a defense to an action for the recovery of a loss under the policy; and such estoppel will arise whenever an authorized agent consents to changes, permission to make which is required to be indorsed on the policy, and promises to make the necessary indorsement, having access to the policy for this purpose, upon which promise the insured relies and acts, when the agent fails to make the indorsement through mistake, oversight, neglect, or fraud, and the insurer will nevertheless be bound, if not by waiver, at least by an estoppel in pais." The undisputed evidence here is to the effect that the insurance agent had the power to write indorsements upon policies issued by Fireman's Fund Insurance Company as well as to countersign the policies; that such an indorsement would have been made had he realized that it was necessary; that he agreed to procure additional insurance for the plaintiff and did procure the policy in question on his own initiative. There was further testimony that, where a mortgagee is involved, a copy of the policy is sent to the insured and one to the mortgagee; that there were copies of these policies in the files of the bank and that he had access to such policies in his capacity of vice-president of the bank. The case of *Fire*

■

& Casualty Ins. Co. of Conn. v. Fields, 212 Ga. 814 (96 S. E. 2d 502), relied upon by the defendants, holds that the insurer was not estopped to deny liability on a policy suspending insurance during vacancy of premises for more than 60 days merely because the agent knew, at the time the policy was renewed, that the premises were or would become vacant. That case specifically states (p. 815): "The agreed facts do not show that the agent of the insurer had possession of the policy at the time he made the representations as to the property being covered, and the ruling in *Corporation of Royal Exchange Assurance of London v. Franklin*, 158 Ga. 644 [supra] is not in point here." Here the agent had both access to and possession of the policy in his capacity as vice-president of the mortgagee bank, and the authority to indorse the policy so as to prevent its invalidation when he caused the second policy to be issued. The fact that he did not do so was due to negligence or inadvertence on the part of his office staff and himself in failing to note the provisions of the policies which he caused to be issued. He was at all times acting within the scope of his authority as agent for the defendant companies, with the power to issue both policies in a valid manner by issuing an indorsement which he was empowered to make, and which he would have made in the regular course of business had he recognized the need for doing so. His promise to make such an indorsement is implicit in his promise to the plaintiff to procure additional insurance, if the procurement of such insurance made necessary such indorsement and he was empowered to make it. Under the *Franklin* case, supra, the defendant Fireman's Fund Insurance Company is estopped to rely upon the defense that its policy was voided by the procurement of such additional insurance under the facts of this case.

■ Since there is no dispute in the evidence and only questions of law are involved, it is obvious from what has been said in the preceding divisions of this opinion that judgments in favor of the plaintiff were demanded. Accordingly, the special grounds of the motions for a new trial assigning error on various instructions of the court show no harmful error. *Tanner v. Peck*, 209 Ga. 249 (71 S. E. 2d 611); *Wright v. Anthony*, 205 Ga. 47 (52 S. E. 2d 316).

■ A special ground of each of the motions for a new trial assigns error on the charge of the court relating to the imposition of penalties and attorney fees on the ground that there was no evidence as to bad faith. The burden of showing a frivolous and unfounded refusal to pay the claim is upon the insured, and where it is shown merely that the company had imputed, but not actual, knowledge that the acts of its agent estopped it from urging what would otherwise be a good defense, imposition of penalties and attorney fees is not justified. *Reserve Life Ins. Co. v. Bearden*, 96 Ga. App. 549 (101 S. E. 2d 120). It is also true that they are not justified where the insurer's liability depends upon a legal question difficult of solution and which might not be absolutely controlled by previous decisions of the courts of this State. *Equitable Life Assurance Society v. Gilliam*, 195 Ga. 797 (2) (25 S. E. 2d 686, 147 A.L.R. 1008). Applying the foregoing rules, the insured failed to show such bad faith as would entitle her to penalty and attorney fees.

■ Counsel for the insurance companies insist that the trial judge failed to give effect to a provision in the insurance policy which is commonly known as the New York Standard Mortgage Clause. Such clause is as follows: "Whenever this company shall pay the mortgagee (or trustee) any sum for loss under this policy and shall claim that, as to the mortgagor or owners, no liability therefor existed, this company shall, to the extent of such payment, be thereupon legally subrogated to all the rights of the party to whom such payment shall be made, under all securities held as collateral to the mortgage debt, or may at its option pay to the mortgagee (or trustee) the whole principal due or to grow due on the mortgage with interest, and shall thereupon receive a full assignment and transfer of the mortgage and of all such other securities; but no subrogation shall impair the right of the mortgagee (or trustee) to recover the full amount of his, her or their claim.' " We adopt the statement of the trial judge pointing to the deficiency of the argument in his order overruling the motion for a new trial: "As to special ground 4 no issue is presented herein as to whether or not the payment by movant to lender represented an extinguishment pro tanto of the debt of the assured to lender. Movant by choice elected not to plead such

payment either as a counter-claim or set off. Movant plead only no liability to assured by virtue of forfeiture and the fact of such payment to lender, which payment assured does not deny. Accordingly, movant may not be heard to protest the unsatisfaction herein of the outstanding lien against assured which it holds by virtue of assignment and transfer from lender to it pursuant and as a condition precedent to the aforesaid payment. To charge other than as charged would promote rather than conclude litigation over identical subject matter. This ground is without merit." However, counsel for the defendant in error states in his brief that the insured "stipulates her willingness to write off so much of the judgment in each case as is represented by payment of the plaintiff in error in each case to the Northeastern Banking Company under the New York Standard Mortgage Clause provided that the plaintiff in error in each case shall mark the loan and notes secured, thereby paid and satisfied insofar as their respective interests therein are concerned, and shall surrender and deliver said loan and note to defendant in error." In order that all issues in the case may be finally disposed of, and because the effect of this decision would be in accordance with the plaintiff's stipulation, it is directed that, upon surrender to the plaintiff of the notes and loan deed assigned to each defendant, the plaintiff write off from the amount of her judgment in each case the amount paid by such defendant under the mortgage clause.

*The judgment in each of these cases is affirmed on condition that the plaintiff, within 10 days from the receipt by the trial court of the remittitur from this court, write off from said judgment the amount representing penalty and attorney fees; otherwise reversed. Carlisle and Jordan, JJ., concur. Frankum, J., disqualified.*