22076.   LIFE INSURANCE COMPANY OF GEORGIA
v. BURKE.

ARGUED JULY 8, 1963—DECIDED SEPTEMBER 5, 1963.

216

*Clement E. Sutton,* for plaintiff in error.

*Walton Hardin,* contra.

HEAD, Presiding Justice. ■ In the decision of the Court of Appeals here under review (*Life Ins. Co. of Ga. v. Burke,* 107 Ga. App. 621, supra) that court correctly ruled that its decision in *Burke v. Life Ins. Co. of Ga.,* 104 Ga. App. 865, supra, is "the law of the case" as to the rulings there made. This is true since this court after granting certiorari dismissed the certiorari as being improvidently granted. *Life Ins. Co. of Ga. v. Burke,* 217 Ga. 742, supra. The majority opinion of the Court of Appeals in the case under review is, however, gravely in error as to the extent of its rulings in *Burke v. Life Ins. Co. of Ga.,* 104 Ga. App. 865, supra.

In Division 3 of the decision in *Burke v. Life Ins. Co. of Ga.,* 104 Ga. App. 865, supra, the Court of Appeals construed the double indemnity provision of the policy and after doing so ruled (on page 870) : "Since the insurer did not see fit to set forth this provision clearly and succinctly, and since it is fairly susceptible of two constructions, that interpretation of the language most favorable to the insured must be given." The court then quoted from a decision by this court which quoted from other decisions the rule of law as applied by the Court of Appeals. It was then ruled that "the double indemnity provisions of this policy were in effect at the time of the loss, . . ." In Division 4 (page 871) the Court of Appeals ruled that the insured procured

a policy for $1,034, and that the endorsement did not change the face amount of the policy. In Division 5 (page 871) it was ruled as follows: "Ground 4 of the special demurrer attacks paragraph 14 of the petition, which sought penalty and attorney's fees 'upon the ground that no bad faith has been shown on the part of the defendant, in that it is alleged that the defendant has offered to pay $1,034 to the petitioner, and neither in said paragraph nor elsewhere in the petition, is it shown wherein the defendant is indebted in any greater amount.' *In view of Division 3 of this opinion, whereunder the defendant might be liable to the petitioner in an amount greater than $1,034 the question of penalty and attorney's fees is a jury question. Therefore, the court erred in sustaining this special demurrer."* (Italics ours.)

The Court of Appeals in the decision now under review ruled in part: "If as a matter of law the construction of the policy provision urged by the defendant was not frivolous or unfounded, this court would necessarily have had to hold *on demurrer*, as it did in *Southeastern Construction Co. v. Glens Falls Indem. Co.,* 81 Ga. App. 770, 772 (2) (59 SE2d 751) that 'it cannot be said that to test the question here is in bad faith.' " *Life Ins. Co. of Ga. v. Burke,* 107 Ga. App. 621, 623, supra.

In *Southeastern Construction Co. v. Glens Falls Indem. Co.,* 81 Ga. App. 770, supra, cited in the above quoted portion of the decision under review, the trial court had sustained a general demurrer to a petition seeking recovery on a bond, and special demurrers to allegations of the petition seeking damages and attorney's fees. The Court of Appeals reversed the judgment of the trial court sustaining the general demurrer, but sustained the rulings on special demurrers. This court granted certiorari, and reversed the ruling of the Court of Appeals which held that the petition stated a cause of action for recovery on the bond. *Glens Falls Indem. Co. v. Southeastern Construction Co.,* 207 Ga. 488 (62 SE2d 149). The ruling by this court thus rendered moot the question of damages and attorney's fees in that case.

It did not just become the law of the case (based upon the decision in *Burke v. Life Ins. Co. of Ga.,* 104 Ga. App. 865, supra) that if the plaintiff proved the allegations of her petition, the jury might find bad faith on the part of the insurer.

The plaintiff having alleged bad faith in her petition, the burden was on her to prove bad faith under the applicable rules of law, and that she had complied with the law and decisions of this court as to "demand" for payment.

Judge Eberhardt in the dissenting opinion, p. 625, in the decision under review correctly stated the effect of the ruling on special demurrer in Division 5 of the former opinion as follows: "Nothing was said about the effect of litigating a new or novel question or whether defendant had reasonable ground for contesting the matter, and these issues were not adjudicated. Nor did our opinion have the effect of excluding them as proper issues when the judgment was reversed and sent back for further disposition in the trial court."

The insured having died on May 14, 1960, and the plaintiff's action on the policy of insurance having been filed on October 25, 1960, Section 56-706 of the Code of 1933 is applicable. This section provided: "The several insurance companies of this State and foreign insurance companies doing business in this State in all cases when a loss shall occur and they shall refuse to pay the same within 60 days after a demand shall have been made by the holder of the policy on which said loss occurred, shall be liable to pay the holder of said policy, in addition to the loss, not more than 25 per cent. on the liability of said company for said loss; also, all reasonable attorney's fees for the prosecution of the case against said company: Provided, it shall be made to appear to the jury trying the case that the refusal of the company to pay said loss was in bad faith."

In construing the term "bad faith" this court in *Cotton States Life Ins. Co. v. Edwards*, 74 Ga. 220, ruled that "bad faith" means "any frivolous or unfounded refusal in law or in fact" to comply with the terms of the contract under the conditions imposed by statute. This construction of the term "bad faith" has been cited and applied by the Court of Appeals in many cases. For some of these decisions see: *Missouri State Life Ins. Co. v. Lovelace*, 1 Ga. App. 446, 466 (58 SE 93); *American Ins. Co. v. Bailey & Musgrove*, 6 Ga. App. 424 (7) (65 SE 160); *Georgia Life Ins. Co. v. McCranie*, 12 Ga. App. 855, 857 (78 SE 1115); *New York Life Ins. Co. v. Watson*, 48 Ga. App. 211, 214

220

(172 SE 602); *Bankers Health &c. Ins. Co. v. Brown*, 49 Ga. App. 294 (175 SE 387); *Sentinel Fire Ins. Co. v. McRoberts*, 50 Ga. App. 732, 744 (179 SE 256); *Liberty Mutual Ins. Co. v. Atlantic C. L. R. Co.*, 66 Ga. App. 826, 834 (19 SE2d 377); *Mutual Life Ins. Co. of New York v. Barron*, 70 Ga. App. 454, 460 (28 SE2d 334); *Independent Life &c. Ins. Co. v. Thornton*, 102 Ga. App. 285, 292 (115 SE2d 835).

The issue in the present case pertaining to the proper construction to be given the double indemnity provision of the insurance policy is sufficiently demonstrated by the testimony of counsel for the beneficiary, Mrs. Burke, when he testified in part as follows: "This is the first case like it in the State of Georgia, and there are only two others cases that I have found in the United States which defined the premium-paying period. The whole case turned on sixteen words, gentlemen, in the Court of Appeals and in the Supreme Court of Georgia, and here is what it turned on: It turned on 'while the policy is maintained in full force and effect during the premium-paying period.' . . . Now, the other two cases of significance to note that held against this point, as I understand the law, in Arkansas and—that's the Hubach case, and then there is the case in the Federal District Court out in Missouri, I believe. They held opposite." (See Hubach v. Mid-Continent Life Insurance Co., 228 Ark. 926, 311 SW2d 307; American Cent. Life Insurance Co. v. American Trust Co., 5 F2d 71). The Supreme Court of Arkansas and the Sixth Circuit Court of Appeals construed the term "premium paying period" contrary to the decision of the Court of Appeals in *Burke v. Life Ins. Co. of Ga.*, 104 Ga. App. 865, 868 (3), supra.

It further appears that the courts of this State were not without doubt as to the proper construction of the insurance contract. The trial judge sustained the defendant's general demurrers. Chief Judge Felton and Judge Frankum dissented from the opinion and judgment of the Court of Appeals reversing this judgment. This court granted certiorari, and it may properly be assumed that this court was in doubt as to whether the construction given the double indemnity provision was correct. When a majority of this court (the Chief Justice and Mr. Justice Candler being disqualified) dismissed the certiorari as being

improvidently granted (*Life Ins. Co. of Ga. v. Burke*, 217 Ga. 742, supra), Mr. Justice Quillian dissented.

This factual situation brings the present case squarely within the rule: ". . . defendant has not acted in bad faith, or been stubbornly litigious, or given plaintiff unnecessary trouble and expense, so far as the record discloses the facts of the case, and therefore there is no evidence to support the finding of one hundred dollars counsel fees—*the true meaning of the contract being in doubt, and the legal principles governing its construction having been differently decided and applied by the appellate courts of different states.*" (Italics ours.) *Northwestern Mut. Life Ins. Co. v. Ross*, 63 Ga. 199; *Cotton States Life Ins. Co. v. Edwards*, 74 Ga. 220, 230 (4), supra; *Travelers Ins. Co. v. Sheppard*, 85 Ga. 751 (4) (12 SE 18); *Phenix Ins. Co. v. Clay*, 101 Ga. 331, 336 (28 SE 853, 65 ASR 307); *German American Mut. Life Assn. v. Farley*, 102 Ga. 720 (6) (29 SE 615); *Morris v. Imperial Ins. Co. Ltd. of London*, 106 Ga. 461, 470 (6) (32 SE 595); *Massachusetts Ben. Life Assn. v. Robinson*, 104 Ga. 256, 291 (12) (30 SE 918, 42 LRA 261); *Love v. National Liberty Ins. Co.*, 157 Ga. 259, 271 (121 SE 648); *Equitable Life Assurance Soc. v. Gillam*, 195 Ga. 797, 806 (25 SE2d 686, 147 ALR 1008); *Sentinel Fire Ins. Co. v. McRoberts*, 50 Ga. App. 732, 743 (5), supra; *New York Life Ins. Co. v. Watson*, 48 Ga. App. 211, 214, supra; *Continental Casualty Co. v. Owen*, 90 Ga. App. 200, 210 (82 SE2d 742). Under the facts and law the defendant's refusal to pay was not frivolous or unfounded.

■ As shown by our statement of the facts, the plaintiff alleged, "That after seventy days from May 14, 1960, plaintiff made demand on the defendant for the full amount due under the policy"; and that "The refusal of defendant to pay more than $1,034.00 was more than sixty days prior to the filing of this suit." The record does not disclose any written demand on the defendant after the proofs of loss (the physician's statement on July 12, 1960, and the claimant's statement filed on July 26, 1960), and counsel for the plaintiff does not contend in his brief that such demand was filed. It is contended by counsel on pages 13 and 16 of his brief that Mrs. Burke made a demand for payment on either May 16, 17, or 18, 1960, and counsel cites pages

126 and 128 of the record. The testimony of Mrs. Burke has been carefully examined and re-examined and it appears only that she refused the defendant's offer of settlement for the face amount of the policy. If, however, Mrs. Burke's testimony should be construed as a demand for payment on either of the dates mentioned, it is wholly insufficient to meet the requirements of the law as to demand for payment. Under *Code* § 56-706 the liability of the insurer for attorney's fees and damages could not accrue until the lapse of sixty days from the date of the demand made when there was a right to demand payment. Since it appears from the record and the admissions of counsel for the plaintiff that demand, if any, was made before or at the time proofs of loss were filed, which time was before the plaintiff had a right to make an absolute demand for payment, the recovery of damages and attorney's fees was not authorized by the evidence. *Philadelphia Fire &c. Ins. Co. v. Burroughs,* 176 Ga. 260, 263 (168 SE 36), and cases cited. See also *National Casualty Co. v. Borochoff,* 45 Ga. App. 745 (3) (165 SE 905); *Moseley v. Equitable Life Assurance Soc.,* 49 Ga. App. 424 (2) (176 SE 87); *Life & Casualty Ins. Co. v. Smith,* 53 Ga. App. 838 (4) (187 SE 288); *Massachusetts Mut. Life Ins. Co. v. Montague,* 63 Ga. App. 137, 148 (10 SE2d 279).

The Court of Appeals erred in affirming the judgment of the trial court "overruling the motion for a new trial," since under the applicable rules of law there was no evidence to sustain the charge that the defendant had acted in bad faith, and there was no evidence showing a demand for payment under the provisions of former *Code* § 56-706 at a time when the plaintiff had a legal right to demand payment.

*Judgment reversed. Head, P. J., Almand, Mobley, Quillian and Grice, JJ., and Judges Thomas J. Brown and John H. McGehee, concur. Duckworth, C. J., and Candler, J., disqualified.*