43927. UNITED STATES FIDELITY & GUARANTY COMPANY v. WOODWARD.

SUBMITTED SEPTEMBER 6, 1968—DECIDED NOVEMBER 1, 1968.

*Robert Edward Surles,* for appellant.

*Joseph E. Loggins,* for appellee.

QUILLIAN, Judge. ■ The principal question for determination is whether under the evidence there was a burglary within the coverage of the policy.

The insurance company contends that there was no "safe burglary" within the meaning of the policy since the evidence conclusively showed that there had been no entry into the safe by actual force and violence. It is true that the policy's definition of safe burglary requires that there be a forcible and violent entry. However, coverage under the policy includes loss "by safe burglary or attempt thereat." This language creates an ambiguity since presumably a loss would not occur from an attempt where there was no actual entry by force and violence.

In construing ambiguous provisions of an insurance policy words are given an intendment favoring the insured and the interpretation most favorable to coverage of the insured will prevail. *State Farm Fire &c. Co. v. Rowland,* 111 Ga. App. 743, 744 (143 SE2d 193); *Hartford Acc. &c. Co. v. Grant,* 113 Ga. App. 795, 798 (149 SE2d 712); *Warwick v. Knights of Damon,* 107 Ga. 115, 121 (32 SE 951). As held in *Hartford Acc. &c. Co. v. Grant,* 113 Ga. App. 795, 798, supra: "Contracts of insurance are to be construed more strongly against the insurer and in favor of the insured and, where an insurance policy will bear two interpretations, that one will be adopted which sustains the claim for indemnity."

According to Black's Law Dictionary, 4th Ed., p. 162: "In statutes and in cases other than criminal prosecutions an 'attempt' ordinarily means an intent combined with an act falling short of the thing intended." There is no definition of an attempt in the policy provisions and giving such word its ordinary significance we can only conclude that the policy would cover a loss where there was an attempt at safe burglary within the meaning of the policy but that entry was accomplished by another means. To construe the policy as contended for by

the appellant would be to render meaningless the words "or attempt thereat." While the evidence may not show a "safe burglary" within the terms of the policy, there is evidence which would show an attempt. Therefore, construing the policy in favor of the insured, there was sufficient evidence to authorize a recovery under the policy provisions.

■ "Refusal to pay in bad faith means a frivolous and unfounded denial of liability. If there is any reasonable ground for the insurer to contest the claim, there is no bad faith." *Dependable Ins. Co. v. Gibbs,* 218 Ga. 305, 316 (127 SE2d 454); *Gulf Life Ins. Co. v. Howard,* 110 Ga. App. 76 (3) (137 SE2d 749). Thus, penalties for bad faith are not authorized where there is a disputed question of fact. As held in *American Cas. Co. v. Seckinger,* 108 Ga. App. 262, 264 (132 SE2d 794): "Since the evidence would have authorized a verdict and judgment for the defendant, it was not sufficient to authorize a finding of bad faith and the award of damages and attorneys' fees." *Southern Ins. Co. v. Ray,* 40 Ga. App. 262 (2) (149 SE 304); *Old Colony Ins. Co. v. Dressel,* 109 Ga. App. 465 (3) (136 SE2d 525); *U. S. Fidel. &c. Co. v. Biddy Lumber Co.,* 114 Ga. App. 358, 359 (151 SE2d 466). Moreover, our courts have "consistently held that no 'bad faith' exists where there is a doubtful question of law involved." *Brown v. Seaboard Lumber &c. Co.,* 221 Ga. 35, 38 (142 SE2d 842). Where the questions of law involved in a case are intricate and difficult of solution, the insurer has the right to contest payment of the claim and is not guilty of bad faith in refusing to pay it. *New York Life Ins. Co. v. Watson,* 48 Ga. App. 211, 214 (172 SE 602); *Fireman's Fund Ins. Co. v. Standridge,* 103 Ga. App. 442 (119 SE2d 585); *Life Ins. Co. of Ga. v. Burke,* 219 Ga. 214, 221 (132 SE2d 737).

In this case there was both a conflict in the evidence and a close question as to interpretation of the policy provisions. Hence, the bad faith penalty and attorney's fees under *Code Ann.* § 56-1206 (Ga. L. 1960, pp. 289, 502; Ga. L. 1962, p. 712) were not authorized (*American Nat. Ins. Co. v. Holbert,* 50 Ga. App. 527, 528 (179 SE 219)), and the trial judge erred in failing to direct a verdict for the defendant and in submitting such issue to the jury.

The judgment will be affirmed on condition that the $683.98 penalty for bad faith and $700 attorney's fees be written off; otherwise it is reversed.

*Judgment affirmed on condition. Bell, P. J., and Hall, J., concur.*