### 41019. TRAVELERS INDEMNITY COMPANY v. WATSON.

DECIDED JANUARY 28, 1965.

*Bennett, Pedrick & Bennett, Larry E. Pedrick,* for plaintiff in error.

*Zorn & Royal, William A. Zorn, J. Kenneth Royal,* contra.

FELTON, Chief Judge. Every insurance contract shall be construed according to the entirety of its terms. *Code Ann.* § 56-2419. "Where the meaning is plain and obvious, the contract should be construed as literally provided therein." *Daniel v. Jefferson Standard Life Ins. Co.,* 52 Ga. App. 620 (2) (184 SE 366). The basic consideration is the intent of the parties. No strained or unreasonable construction is required. It can fairly be said that in the instant case the parties intended to provide in one policy the exact coverage for the insured and others which would have been provided if two separate policies had been written, each covering one of the vehicles covered by the combined policy.

The terms of the policy are plain and unambiguous and therefore must be construed as written. Part II of the policy covering expense for medical services, division 1, provides for payment of such expenses "To or for the named insured and each relative who sustains bodily injury, caused by accident, while occupying or through being struck by an automobile." This is the only provision providing medical payment for injuries to the named insured and his wife. Division 2 of Part II provides for the payment of medical expenses to or for "any other person," which means any other person than the named insured and relatives. The undertaking in Division 1, except for exclusions hereafter discussed, is unequivocally to pay medical expenses incurred by either the named insured or his wife, or both, as a result of injuries sustained while occupying, or being struck by any automobile, and is not limited to the automobile or automobiles particularly described as the insured automobiles

in the policy, nor is it limited to automobiles owned by the insured. Division 1 is simply accident insurance to the named insured and his relatives when either is injured while occupying any automobile or being struck by any automobile, and if there had been two policies, one on each automobile, the insured injured person would have been entitled to payments under each policy up to the limitation of liability provided, and the same is true as to the single policy in this case as written. The insurance company contends that the exclusion clause of Part II of the policy excludes from coverage injuries of the named insured and his wife while occupying an automobile other than one specifically described and insured under the policy, and that this demands a different construction from the one we have placed upon the policy; that is, the insurance company contends that since injuries while occupying other automobiles are excluded from coverage, it necessarily follows that only injuries occurring while occupying an insured automobile are covered, and it follows from this, that the limitation as to the amount of medical payments applicable to the particularly described automobile is the only such payment provided when an injury occurs to a named insured or relative while riding in such insured automobile. Irrespective of any other reasons, the conclusion reached in this contention is not tenable for the reason that it is premised upon an erroneous interpretation of the exclusion clause. The exclusion clause says, "This policy does not apply to injury '(b) sustained by the named insured or a relative (1) while occupying an automobile owned by or furnished for the regular use of either the named insured or by any relative, other than an automobile defined herein as an owned automobile'. . ." The policy defines "owned automobile" as "a private passenger, farm or utility automobile or trailer owned by the named insured, and includes a temporary substitute automobile." While the exclusion clause does exclude automobiles owned by the named insured, it excepts therefrom a certain class of such automobiles, that is, "owned automobiles" as defined in the policy, and "owned automobiles" as defined in the policy is a private passenger automobile owned by the named insured such as that involved in the instant case. It follows, therefore, that the ex-

clusion clause has no application here. So the meaning and effect of the single policy here is the same as if two separate policies had been written for two automobiles as to coverages for medical payments and the same exclusions. If the insurance company had decided to exclude payments for injuries received by a wife or relative while occupying any automobile other than an automobile particularly described in the policy, it could very easily have said so. If the insured could collect for medical expenses under two policies insuring different automobiles when the wife was struck by an automobile belonging to some third person, which he can do, he can certainly do so under one policy, insuring two automobiles, which contains no provision limiting medical payments to injuries received while occupying an insured automobile in which the wife or relative was riding. For foreign cases holding that the total medical payments are due when the wife or relative is injured by being run into by a third person's automobile, see Central Surety & Insurance Corp. v. Elder, 204 Va. 192 (129 SE2d 651) distinguishing and criticizing Sullivan v. Royal Exchange Assurance, 181 Cal. App. 2d 644 (5 Cal. Rptr. 878); Southwestern Fire & Cas. Co. v. Atkins (Tex. Civ. App.), 346 SW2d 892; Kansas City Fire & Marine Ins. Co. v. Epperson, 234 Ark. 1100 (356 SW2d 613).

The plaintiff was entitled to recover a maximum of $2,500 for medical expenses incurred and the court did not err in rendering judgment for $1,804.89.

*Judgment affirmed. Frankum and Pannell, JJ., concur.*