43092.   HANSEN v. LIBERTY MUTUAL
FIRE INSURANCE COMPANY.

Argued October 2, 1967—Decided October 18, 1967.

*Lokey & Bowden, Hamilton Lokey, Spearman, Bynum & Goodwin, W. L. Spearman, Joe Bynum, Jr.,* for appellant.

*Swift, Currie, McGhee & Hiers, Glover McGhee,* for appellee.

FELTON, Chief Judge. 1. Regarding the limit of liability for medical expense coverage, the policy states in plain and

unambiguous language that the $1,000 limit for each person is the limit of the company's liability for *all* medical expense incurred by each person, regardless of the number of automobiles to which the policy applies. "Where the meaning is plain and obvious, the contract should be so construed as literally provided therein." *Daniel v. Jefferson Standard Life Ins. Co.*, 52 Ga. App. 620 (2) (184 SE 366). A different result is not required by the holding in *Travelers Indem. Co. v. Watson*, 111 Ga. App. 98 (140 SE2d 505), the policy in which contained the provision (which the present policy does not), that, when two or more automobiles were insured thereunder, the terms of the policy should apply separately to each. Nor is the argument—that the payment of three separate premiums under the part of the policy which includes medical expense coverage indicates a purchase of three separate such coverages—persuasive in the light of the aforesaid plain and unambiguous provisions of the policy. It cannot be ascertained from the policy what portion of the premium for each automobile under that particular part is for the medical expense coverage, since the non-itemized premiums are for accidental death benefit, liability insurance and uninsured motorist insurance as well. The court correctly construed the policy with regard to medical expense coverage.

2. Regarding the limit of liability for accidental death benefit coverage, although the policy specifically places limits of liability upon all of the other coverages under Part I (i.e., liability, medical expense and uninsured motorists), no such limit is placed upon the accidental death benefit coverage, other than the initial "$1,000 each named insured." In the absence of such limit, the policy must be construed relative to accidental death benefit coverage as was the policy relative to medical expense coverage in *Travelers Indem. Co. v. Watson*, supra, p. 104 and cit., i.e., as if three separate policies had been written for three automobiles, with separate premiums charged for each policy. The fact, that the premium for the oldest automobile was double that of both of the other, newer automobiles, does not necessarily indicate that the accidental death benefit premium was paid only on the first automobile and, therefore, that

the insurer was obligated to pay only under one of the "separate policies." Under Item 4 of the policy, the discount code reveals that automobiles "2" and "3"—the newer ones—were given a "multiple car discount" on their rates, which could explain their rates lower than that of automobile "1", the older one. This same code shows that a "driver training credit" was allowed in figuring the rate for automobile "1", which might indicate that it was driven by a youthful driver, under 25 years of age, for example, which could also account for the higher rate. The court, therefore, incorrectly construed the policy with regard to the accidental death benefit coverage.

The plaintiff was entitled to recover a maximum of $1,000 for medical expenses incurred and $3,000 for accidental death benefit; therefore, the court erred in rendering judgment for only $2,000.

*Judgment reversed. Hall and Eberhardt, JJ., concur.*