## 45585. RAMSDEN v. GOVERNMENT EMPLOYEES INSURANCE COMPANY.

PANNELL, Judge. Diane M. Ramsden, in her official capacity as administratrix of the estate of Walter Ramsden (her father), and as administratrix of the estate of Elizabeth Ann Ramsden (her mother), brought an action against Government Employees Insurance Company seeking recovery of medical and funeral expenses under the provisions of two policies issued by the defendant plus penalty and attorney's fees. One policy, number 667-80-50, issued to Diane M. Ramsden, individually, provided for payments of $2,000 per person, and the other policy, number 667-76-36, issued to the father provided for payments of $1,000 per person. The injuries to plaintiff's intestates occurred while they were riding in an automobile belonging to Diane Ramsden, which was the named vehicle in the policy issued to her, when said vehicle collided with another automobile. Both parties made motions for summary judgment based upon a stipulation of fact, the material parts of which are as follows: "3. That at all times material hereto there was in full force and effect the following contracts of insurance issued by defendant: (a) To Walter Ramsden as named insured policy # 667-76-36,

164

with a maximum medical payments coverage of $1,000 for each person. (b) To Diane M. Ramsden as named insured policy # 667-80-50 with a maximum medical payments coverage of $2,000 for each person. 6. That on or about May 3, 1969, Walter Ramsden was operating the 1967 Ford automobile described in and insured by policy # 667-80-50 issued to Diane M. Ramsden, that said car was owned by and furnished for the regular use of Diane M. Ramsden. That on or about May 3, 1969, Elizabeth Ann Ramsden, wife of Walter Ramsden, and Diane M. Ramsden, Margaret Lynn Ramsden and Kenneth Ramsden, children of Walter and Elizabeth Ann Ramsden, were passengers in said automobile. That at all times material hereto each of the persons above named were residents of the same household and were 'relatives' as that term is defined under 'Definitions: Under Part I' of said contract of insurance. 7. That at said time Walter Ramsden, while operating the said 1967 Ford automobile owned by Diane M. Ramsden, was involved in an automobile accident. 8. That as a result of the said collision there were incurred certain reasonable and necessary medical and funeral expenses for and on behalf of Walter Ramsden in the sum of $1,155.89. That as a result of said collision there were incurred certain reasonable and necessary medical and funeral expenses for and on behalf of Elizabeth Ann Ramsden in the sum of $3,424.01. That the letters attached to plaintiff's original petition marked Exhibits 'A' and 'B' were sent by plaintiff's attorney and received by the defendant. 9. That the 1965 Ford sedan named in the declaration applicable to policy # 667-76-36 in which Walter Ramsden is named insured was not involved in any wise in the aforesaid collision. 10. That Government Employees Insurance Company, defendant in this case, acknowledges it owes and has offered and now offers to pay to the plaintiff the following sums: (a) $1,155.89 to plaintiff in her capacity as administratrix of the estate of Walter Ramsden, said payment to be made under the provisions of policy # 667-80-50 issued to Diane M. Ramsden. (b) $2,000 to plaintiff in her capacity as administratrix of the estate of Elizabeth Ann Ramsden, said payment to be made under the provisions of policy # 667-80-50 issued by defendant to Diane M. Rams-

den." There were further stipulations about letters, all of these stipulations about Exhibit A and B of plaintiff's complaint, and one attached to the stipulation related to demands for payment and refusal for the purpose of claiming damages and attorney's fees. Plaintiff contends she is entitled to recovery under both policies for the $1,155.89 as administratrix of her father's estate, that is, $1,155.89 under the policy issued to the plaintiff individually and $1,000 under the policy issued to her father. This double recovery contention is, of course, not involved in her seeking recovery under the father's policy of the full amount provided, to wit, $1,000 as to her claim as administratrix of the mother's estate, as the stipulated claim for this estate exceeds the amount of both policies. The defendant contends (1) there is no coverage whatever under the policy issued to the father; and if there is coverage (2) there can be no double recovery as to $1,000 of the claim of the father's estate. The sole question here therefore relates to the father's policy. This policy contained the following provisions for the payment of reasonable and necessary medical and funeral expenses "to or for the named insured and each relative who sustains bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury', caused by accident, (a) while occupying the owned automobile, (b) while occupying a non-owned automobile, but only if such person has, or reasonably believes he has, the permission of the owner to use the automobile and the use is within the scope of such permission, or (c) through being struck by an automobile or by a trailer of any type." The trial judge denied plaintiff's motion for summary judgment and granted the defendant's motion for summary judgment. With a proper certificate of review as to the denial of her summary judgment, plaintiff appealed and enumerated error on the denial of her summary judgment and the grant of the defendant's summary judgment. *Held:*

1. Appellant concedes there is no coverage under this provision unless it be covered by provision (c) "through being struck by an automobile . . ." The insurer contends that this provision only applies where the party being injured was a pedestrian. We cannot agree with the insurer's construction of this provi-

sion. See in this connection *Travelers Indem. Co. v. Watson,* 111 Ga. App. 98 (140 SE2d 505); Blashfield's Automobile Law and Practice, Vol. 8, p. 139, § 319.17; Hale v. Allstate Ins. Co., 345 S. W. 2d 346 (Tex. Civ. App.); Wright v. Beacon Mut. Indem. Co., 179 N. E. 2d 547 (Ohio); Bates v. United Security Ins. Co., 163 N. W. 2d 390 (Iowa). The evidence being without dispute that the injuries suffered were sustained when the injured parties were struck by an automobile there was coverage under the father's policy and the plaintiff was entitled to recover on the $3,424.01 claim of the mother's estate the sum of $1,000 on the policy issued to the father.

2. Can the plaintiff, after recovering payment in full of the claim of the father's estate under the policy issued to her individually, also recover under the policy issued to the father for the same items of expense? The contracts here involved, as to medical payments and funeral expenses incurred, were contracts of indemnity (*Exchange Bank of Macon v. Loh,* 104 Ga. 446 (31 SE 459, 44 LRA 372); Laurie v. Holland American Ins. Co., 31 Ill. App. 2d 437 (176 NE2d 678)), and once the insured party is paid in full under one contract of indemnity, recovery cannot be had again under another similar contract. Nothing to the contrary was ruled in *Travelers Indem. Co. v. Watson,* 111 Ga. App. 98, supra, or *Travelers Indem. Co. v. Williams,* 119 Ga. App. 414 (167 SE2d 174).

3. It follows, therefore, that the only area in which any damages and attorney's fees could be claimed because of bad faith is in the recovery on the policy issued to the father of $1,000 for the claim of the mother's estate. Where the questions of construction involved had never been adjudicated in this State, and were not of easy solution, a finding of damages and bad faith and attorney's fees was not authorized. The trial judge was correct in denying damages and attorney's fees to the plaintiff. *Massachusetts Ben. Life Assn. v. Robinson,* 104 Ga. 256, 291 (12) (30 SE 918, 42 LRA 261).

4. The trial judge erred in granting summary judgment for the defendant insurer absolving it of any liability under the policy issued to the father.

5. The trial judge, however, did not err in refusing to grant sum-

mary judgment for the plaintiff as the plaintiff's motion for summary judgment was general and covered damages and attorney's fees under *Code Ann.* § 56-1206 to which plaintiff was not entitled, although under the stipulation the plaintiff would be entitled to an additional amount of $1,000 on the mother's claim under the father's policy. We, therefore, affirm the trial judge in refusing to grant plaintiff's general summary judgment and reverse him for the grant of the summary judgment sought by the defendant insurer.

*Judgment affirmed in part; reversed in part. Jordan, P. J., and Eberhardt, J., concur.*

ARGUED SEPTEMBER 11, 1970—DECIDED JANUARY 5, 1971.

*Wilson Brooks,* for appellant.

*Dunaway, Shelfer, Haas & Newberry, William S. Shelfer, Sr., William S. Shelfer, Jr.,* for appellee.