Irene L. CARTER, Administratrix of the Estate of Linwood Carter, Deceased, Appellee,

v.

BOSTON OLD COLONY INSURANCE COMPANY, Appellant,

and

Hartford Accident and Indemnity Company, Defendant.

Irene L. CARTER, Administratrix of the Estate of Linwood Carter, Deceased, Appellant,

v.

HARTFORD ACCIDENT AND INDEMNITY COMPANY and Boston Old Colony Insurance Company, Appellees.

Nos. 77–1256, 77–1257.

United States Court of Appeals, Fourth Circuit.

Argued Jan. 12, 1978.

Decided Sept. 6, 1978.

Thomas H. Oxenham, Jr. and Thomas H. Oxenham, III, Richmond, Va., for appellee in 77–1256 and for appellant in 77–1257.

Albert D. Bugg, Jr., Richmond, Va. (Nathan H. Smith, Sands, Anderson & Marks, Richmond, Va., on brief), for appellant in 77–1256.

James H. Price, III, James W. Morris, III, Browder, Russell, Little, Morris & Butcher, Richmond, Va., on brief for appellees in 77–1257.

Before HAYNSWORTH, Chief Judge, and BUTZNER and HALL, Circuit Judges.

## PER CURIAM:

In this civil action within the diversity of citizenship jurisdiction, the executrix of her deceased husband's estate sought to collect medical payment benefits under two insurance policies. Though the stated limit of liability was $1,000 under its policy, the plaintiff claimed that Boston Old Colony Insurance Company was required to pay $2,000 since its policy insured two vehicles. There was no dispute that the Hartford was to pay only $500, but the plaintiff sought punitive damages against both insurance companies because of delay in payment.

The district judge agreed with the plaintiff that "stacking" was required under the laws of Virginia, but he found no basis for an award of punitive damages against either company. Boston Old Colony then appealed from the award against it for $2,000 rather than $1,000, while the plaintiff cross-appealed from the denial of punitive damages against each insurance company.

The plaintiff's decedent had been using a vehicle owned by his brother when it became disabled. He was struck and killed while walking on the shoulder of an interstate highway, the unknown operator of the offending vehicle fleeing the scene.

The brother's vehicle was insured by Hartford, the decedent's two vehicles by Boston Old Colony.

The insurance companies were notified of the death in November 1975. In December, the plaintiff's lawyer sent to each insurance company a copy of the death certificate and a statement of the funeral expenses. In February, he complained to the adjusters of both companies of delay in settlement of the medical payments claim and of claims then being asserted against both companies under the uninsured motorist endorsement. Soon thereafter Boston Old Colony mailed to the lawyer a check for $1,000, but it was returned as an unacceptable settlement of the medical payments claim. Hartford made no offer of payment until this action was filed in May 1976, when it admitted liability of $500 and offered to consent to a judgment against it in that amount.

I.

Under the law of Virginia, though a plaintiff successfully proves a breach of a contractual obligation, he is not entitled to recover punitive damages, in addition to his compensatory damages, unless the defendant acted maliciously or so oppressively as to have committed an independent tort. *See Wright v. Everett,* 197 Va. 608, 90 S.E.2d 855 (1956). The district judge recognized the appropriate standard, and he properly concluded that there was no such maliciousness present here. As to Boston Old Colony, there was no extraordinary delay in its tender of a check for $1,000. There was a bona fide dispute between the parties as to the amount that Boston Old Colony was due to pay; indeed, the parties are still disputing the point. Boston Old Colony cannot be faulted for its assertion in good faith of what can by no means be characterized as an unreasonable interpretation of its policy provision. There was greater delay on Hartford's part, for it made no offer to pay anything until this action was commenced. The adjusters for both insurance companies, however, had great difficulty identifying the highway patrolman who investigated the death and ascertaining what the precise facts were. Hartford's adjuster testified that, depending upon how the factual uncertainties were ultimately resolved, he thought there

may have been no liability at all under Hartford's policy.

We agree with the district court that under these circumstances there was no basis for an award of any punitive damages.

## II.

There are several cases in the Supreme Court of Virginia in which it has been held that "stacking" is appropriate when an automobile insurance policy covers more than one vehicle, contains a provision limiting medical payments on behalf of any one person to a specified amount but also contains a separability clause providing in effect that the policy is to be read as separate ones insuring each vehicle. *See, e. g., Virginia Farm Bureau Mutual Insurance Company v. Wolfe*, 212 Va. 162, 183 S.E.2d 145 (1971). This result is dependent upon the interaction of the separability clause with a general, undifferentiated limitation of medical payments liability. But that court in the *Virginia Farm Bureau* case specifically recognized that a different result would be required if the limitation of liability clause was more specific, citing with apparent approval *Hansen v. Liberty Mutual Fire Insurance Company*, 116 Ga.App. 528, 157 S.E.2d 768 (1967). In *Hansen* the limitation of medical payment liability was specifically said to apply regardless of the number of automobiles insured under the policy.

■ That is precisely the kind of provision we have here, for Boston Old Colony's policy specifically provided that the amount stated in the declaration would be the limit of liability regardless of the number of vehicles insured by the policy. Under the *Virginia Farm Bureau* case, the effective limit under the medical payment clause was $1,000 in spite of the fact that the policy insured two different vehicles.

Nevertheless, the district court found ambiguity here because each of the several endorsements on the policy contained a blocked legend at the top:

"This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:
COMPREHENSIVE AUTOMOBILE LIABILITY INSURANCE
BASIC AUTOMOBILE LIABILITY INSURANCE
AUTOMOBILE MEDICAL PAYMENTS INSURANCE."

The endorsements relating to "farm vehicles-trailer and implement coverage," "truckmen," "truckmen-hired automobiles," "truckmen-hauling exclusively for one concern" were appropriate because the decedent had a farm pickup truck and a 2½ ton pickup truck with which he did contract hauling. Some of those endorsements contained specific reference to the vehicle to which it applied, but none of them contained any reference to the medical payment limitations liability provision. A warning that an endorsement might somehow affect medical payments coverage warrants no inference that the very specific language of the limitations liability clause was suspended.

The "stacking" rule in Virginia arose out of an ambiguity between a general limitations clause and a separability clause directing that the policy should be read as insuring each vehicle separately. No such ambiguity arises here. The very specific provision of the limitations clause that the limit is $1,000 despite the fact that two vehicles are insured forecloses it.

Nor should we strain to uphold a greater award because of the payment of a "double premium."

It is true that where there are really separate policies double coverage may be secured. That was true in this case because both Boston and Hartford were required to pay under their medical payments insurance coverage. But Boston should not be required to pay again simply because it collected two medical insurance payment premiums.

The greater the number of vehicles the greater the risk incurred. The risk that an insurance company will be required to make disbursements under its medical payments coverage is increased immeasurably when a bachelor in his middle years having one automobile marries a widow with five children and acquires and insures four more automobiles for the use of family members. No insurance company can afford to provide medical payments insurance for five family automobiles for the same premium for which it was willing to cover the bachelor and his one vehicle. That the insurer charged more for this protection because its coverage was extended to the use of two vehicles cannot warrant our ignoring the specific language of the limitations clause. Legislative policy may result in the control or regulation of such limitations or premium charges, but there is no judicial policy which prevents an insurer from charging more when it assumes greater risk or which requires judicial imposition upon it of still greater risk upon it when it charges the greater premium.

The judgment of the district court is affirmed in part and reversed in part, and the case remanded with instructions for the entry of judgment against Boston Old Colony in the amount of $1,000.00.

*AFFIRMED IN PART, REVERSED IN PART, REMANDED WITH INSTRUCTIONS.*