For the foregoing reasons, the judgment of the district court is AFFIRMED.

**Edward Lee PROVAU,**
**Plaintiff-Appellant,**

**v.**

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,**
**Defendant-Appellee.**

**No. 84–9015.**

United States Court of Appeals,
Eleventh Circuit.

Sept. 30, 1985.

Kenneth Behrman, Rand & Ezor, Atlanta, Ga., for plaintiff-appellant.

Josie A. Alexander, Robert M. Travis, Atlanta, Ga., for defendant-appellee.

Before RONEY and FAY, Circuit Judges, and DUMBAULD *, District Judge.

---

\* Honorable Edward Dumbauld, U.S. District Judge for the Western District of Pennsylvania, sitting by designation.

PER CURIAM:

This appeal involves the question whether "stacking" of medical payment coverage under three separate insurance policies is permitted under Georgia law. The district court granted summary judgment in favor of the defendant-insurer, finding Georgia law does not permit stacking. We disagree and therefore reverse.

## I. FACTS

The material facts of this case are undisputed. Appellee State Farm Mutual Automobile Insurance Company ("State Farm") issued three separate policies of insurance to appellant Edward Provau. The first policy insured a 1980 Dodge pickup, and the medical payment coverage was $5,000.00. The second policy insured a 1980 Jeep, and the medical payment coverage was $25,-000.00. The third policy insured a 1977 Ford Thunderbird, and the medical payment coverage was $25,000.00.

On November 21, 1982, appellant was involved in an accident while driving the Dodge pickup with an uninsured motorist and sustained injuries in excess of $100,-000.00.[1] State Farm paid appellant the $5,000.00 medical payment coverage under the policy insuring the Dodge pickup. Appellant then requested State Farm to "stack" the medical payment coverage under the remaining two policies, and State Farm refused appellant's request.

The policy insuring the Thunderbird contained the following language:

"Coverage C—Medical Payments

To pay reasonable medical expenses incurred for services furnished within one year from the date of the accident:

Division 1. to or for the first person named in the declarations and, while residents of his household, his spouse and any relative of either who sustains bodily injury, caused by accident

---

1. For purposes of its motion for summary judgment only, State Farm admitted that appellant sustained injuries in excess of $100,000.00.

(1) while occupying the owned motor vehicle;

.    .    .    .    .

Exclusions, Section 1

This Insurance Does Not Apply Under: ...

(j) Coverages C and M, to bodily injury to any person: ...

(2) while occupying or through being struck by any land motor vehicle or trailer if such vehicle is owned by the named insured or, if residents of his household, his spouse or the relatives of either, and is not an owned motor vehicle;

.    .    .    .    .

Limits of Liability

*Coverage C.* The limit of liability stated in the declarations as being applicable to each person is the limit of the company's liability for medical expenses incurred for each person who sustains bodily injury in any one accident.

.    .    .    .    .

Financial Responsibility Laws—
Definitions—Section I ...

Owned Motor Vehicle—means the motor vehicle or trailer described in the declarations...."

The policies insuring the other two cars contained the following pertinent provisions:

"Medical Payments—Coverage C—

Persons for Whom Medical Expenses are Payable

We will pay medical expenses for bodily injury sustained by:

1.a.  the first person named in the declarations;

.    .    .    .    .

These persons have to sustain the bodily injury:

a.  while they operate or occupy a vehicle covered under the liability section;

.    .    .    .    .

We will:

1) pay damages ... caused by an accident resulting from the ownership, maintenance or use of your car; ...

Coverage For the Use of Other Cars

The liability coverage extends to the use, by an insured, of a newly-acquired car, a temporary substitute car, or a non-owned car.

.    .    .    .    .

Your car means the car ... described on the declarations page.

.    .    .    .    .

Non-Owned Car—as used in Sections I and II means a car not:

1.  owned by,

2.  registered in the name of, or

3.  furnished or available for the regular or frequent use of:

you, your spouse, or any relatives.

.    .    .    .    .

What is not covered under Coverage C

There is no coverage: ...

4.  for medical expenses for bodily injury:

a.  sustained while occupying or through being struck by a vehicle owned by you; your spouse, or any relative, which is not insured under this coverage...."

## II.  STANDARD OF REVIEW

The appellate court may independently review an order granting summary judgment. *Mayo v. Engel,* 733 F.2d 807, 808 (11th Cir.1984). In this appeal, we must determine whether the trial court erroneously applied Georgia law in resolving this case and whether the trial court abused its discretion by declining to apply the doctrine of collateral estoppel.

## III.  THE LAW

### A.  Which law?

■ Under *Erie Railroad v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), a federal court in a diversity action must apply the controlling substantive law of the state. The construction of insurance contracts is governed by substantive state law. *Dempsey v. Auto Owners Insurance*

Co., 717 F.2d 556, 559 (11th Cir.1983). In this diversity case, the parties have apparently agreed that Georgia law applies. Because the parties did not raise a conflict of laws issue in the district court and have not asserted it on appeal, the law of the forum will govern, absent any facts justifying the application of some other state's law. *Cavic v. Grand Bahama Development Co.,* 701 F.2d 879, 882 (11th Cir.1983). We note that the policies at issue here were delivered in Georgia, the plaintiff resided in Georgia, and the accident occurred in Georgia. Since Georgia law governs the disposition of the stacking question, cases from other jurisdictions which construe language similar to the policies at issue here can not provide the answer to the question at bar; our consideration is limited to what the Georgia courts have said on this question. *See Erie,* 304 U.S. 64, 58 S.Ct. 817.

B. "Stacking"

Four Georgia cases have dealt with the issue whether medical payment coverage may be stacked. *See State Farm Mutual Automobile Insurance Co. v. Johnson,* 126 Ga.App. 45, 190 S.E.2d 113 (1972); *Ramsden v. Government Employees Insurance Co.,* 123 Ga.App. 163, 179 S.E.2d 671 (1971); *Hansen v. Liberty Mutual Fire Insurance Co.,* 116 Ga.App. 528, 157 S.E.2d 768 (1967); *Travelers Indemnity Co. v. Watson,* 111 Ga.App. 98, 140 S.E.2d 505 (1965). In three of these cases, *Johnson, Ramsden,* and *Travelers,* the court permitted stacking of the medical payment coverage. In *Hansen,* the court found that the language of the policy prohibited stacking. The sole point of contention between the parties is whether *Johnson* controls the disposition of this case. We hold that it does.

■ The law is clear that where, as in the instant case, the state supreme court has not addressed the issue, "[a] federal court applying state law is bound to adhere to decisions of the state's intermediate appellate courts absent some persuasive indication that the state's highest court would decide the issue otherwise." *Silverberg v.*

*Paine, Webber, Jackson & Curtis, Inc.,* 710 F.2d 678, 690 (11th Cir.1983); *see Bradbury v. Wainwright,* 718 F.2d 1538, 1540 (11th Cir.1983); *Flintkote Co. v. Dravo Corp.,* 678 F.2d 942, 945 (11th Cir.1982). This is true, even if the federal court does not agree with that state court's reasoning or the outcome which the decision dictates. *Silverberg,* 710 F.2d at 690. Therefore, we rely upon these four Georgia appellate decisions for guidance in this case.

■ The thrust of appellee's argument is that Georgia law does not permit stacking where it is prohibited by the language of the insurance policy. In support of its argument, appellee cites the following language from the *Travelers* case:

If the insurance company had decided to exclude payments for injuries received by [the insured] while occupying any automobile other than an automobile particularly described in the policy, it could very easily have said so.

*Travelers,* 111 Ga.App. at 103, 140 S.E.2d at 509.

In *Travelers,* the Georgia Court of Appeals held that the insured was entitled to combined medical payments under a single policy which insured two automobiles. The policy in *Travelers* excluded from coverage any injury sustained "while occupying an automobile ... other than an automobile defined herein as an owned automobile." *Id.* at 102–04, 140 S.E.2d at 508–09. The policy defined " 'owned automobile' as a 'private passenger, farm or utility automobile ... owned by the named insured.' " *Id.* at 103, 140 S.E.2d at 509. The court rejected the insurer's argument that the exclusion clause excluded from coverage any injuries sustained while occupying an automobile other than the one specifically described under the policy.

*Hansen,* 116 Ga.App. 528, 157 S.E.2d 768, upon which appellee heavily relies, involved an insurance policy which covered three separate cars and which contained the following language in its exclusion provisions:

Regardless of the number of ... *automobiles or trailers to which this policy applies*, ... (B) the limit for Medical Expense Coverage stated in the declarations as applicable to 'each person' is the limit of the company's liability for all medical expense incurred by or on behalf of each person who sustains bodily injury as the result of any one accident; ...

*Id.* at 529, 157 S.E.2d at 769 (emphasis added by the *Hansen* court).

The court held that this language was plain and unambiguous and clearly limited coverage. *Id.* at 530, 157 S.E.2d at 770. The court distinguished *Travelers* on the ground that the policy in the latter case contained a provision that when several automobiles were covered by the policy, the terms of the policy should apply separately to each. *Id.* The *Hansen* court then refused to allow the insured to stack medical coverage.

In *Ramsden*, 123 Ga.App. 163, 179 S.E.2d 671, there were two policies involved, one issued to the plaintiff and one issued to plaintiff's father, who had died in the collision, which prompted the lawsuit. The automobile involved in the accident was the plaintiff's. Plaintiff's father's policy provided medical coverage for injuries caused by accident "through being struck by an automobile." *Id.* at 164, 179 S.E.2d at 673. The insurer argued that this provision applied only when the party injured was a pedestrian, but the court disagreed, and allowed plaintiff to recover medical expenses under both her own and her father's insurance policies.

*Johnson*, 126 Ga.App. 45, 190 S.E.2d 113, is the most recent Georgia case to address the stacking issue. In *Johnson*, the insured had two State Farm policies covering two different cars. On the day before the accident, the insured bought a new car; the accident occurred while insured was driving the new car. After the accident, the insured notified State Farm that he wanted the new car to be covered under the "newly-acquired" automobile provision of one of the previously-issued policies. State Farm thereafter issued a third policy which retro-

actively covered the new car, thus providing coverage on the day of the accident. The court then allowed stacking as to the two policies issued prior to the purchase of the new car.

Appellee contends that *Johnson* is distinguishable on the ground that *Johnson* involved a newly-acquired automobile. This is a distinction without a difference. We note that the court in *Johnson* denied stacking only as to the policy which had been issued for the newly-acquired automobile. The fact remains that *Johnson* holds that stacking is permitted under the same language as is contained in the older form of the State Farm policy, which covered the Thunderbird in the instant case. Moreover, we believe that the language in the two policies at issue here are substantially similar, and therefore *Johnson* governs as to both policies.

It should be apparent from our review of the four Georgia cases which have addressed the stacking issue that resolution of the problem is far from obvious. Nevertheless, because we believe that the language in the policies in *Johnson* is virtually indistinguishable from that in the policies at issue here, coupled with the fact that *Johnson* is the most recent Georgia case to speak on the subject, we must conclude that a Georgia court, if presented with the instant facts, would permit stacking.

C. Collateral Estoppel

Appellant contends that the district court abused its discretion, when it did not apply offensive collateral estoppel to the instant facts. Appellant claims that the exact issue litigated here was presented and decided in the *Johnson* case. Hence, the district court should have invoked the doctrine of collateral estoppel and precluded the defendant from relitigating the issue of stacking. Appellee contends that appellant has failed to satisfy two of the prerequisites to the application of collateral estoppel and that it would be unfair to invoke the doctrine in this case.

■ "The offensive use of collateral estoppel raises particular judicial concerns; it

is governed by slightly different principles than the historic defensive use of the issue preclusion claim." *Cotton States Mutual Insurance Co. v. Anderson,* 749 F.2d 663, 666 (11th Cir.1984). The Supreme Court has cautioned that fairness to both parties is of primary consideration. *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979). Special difficulties arise when precluding a party who did not have the initiative in the prior action, *Johnson v. United States,* 576 F.2d 606, 614 (5th Cir.1978), *cert. denied,* 451 U.S. 1018, 101 S.Ct. 3007, 69 L.Ed.2d 389 (1981). Finally, the trial court has broad discretion when determining whether offensive collateral estoppel is appropriate. *Parklane Hosiery,* 439 U.S. at 331, 99 S.Ct. at 651; *accord, Cotton States,* 749 F.2d at 666.

The district court did not address the issue of collateral estoppel in its order granting summary judgment to appellee. We assume that the court, once it had concluded that *Johnson* was distinguishable, decided that the resolution of the collateral estoppel issue was unnecessary. This is difficult to understand but the record is not absolutely clear.

Having found that the Georgia law dictates a ruling in appellant's favor, we pretermit resolution of this issue. Appellant's request for a remand in this regard is now moot.

Accordingly, the judgment of the district court is REVERSED and the matter REMANDED for entry of a judgment in accord with this opinion.