PER CURIAM.
Leonard Weaver, Jr., sued Gary Davidson and Scott Paper Company, Inc., claiming workers’ compensation benefits. The trial court entered a default judgment against Davidson. Weaver amended his complaint to allege breach of contract, claiming that he was a third-party beneficiary of a contract between Scott Paper and Davidson wherein Davidson had agreed to furnish workers’ compensation insurance for his employees and to file a certificate of insurance with Scott Paper before performing any work. Following ore tenus proceedings, the trial court found that Weaver was an employee of Davidson, not Scott Paper, but that Scott Paper had breached its contract with Davidson by failing to require evidence of insurance. The trial court further found that Weaver was a third-party beneficiary of the contract and held that Weaver could recover workers’ compensation benefits from Davidson and Scott Paper. For a thorough statement of the underlying facts of this case, see Scott Paper Co. v. Weaver, 634 So.2d 543 (Ala.Civ.App.1993).
The Court of Civil Appeals held that there was no evidence establishing that Davidson was an independent contractor with Scott Paper; that, accordingly, Davidson was an employee of Scott Paper; and that, therefore, Weaver, who was employed by Davidson, was also an employee of Scott Paper. The Court of Civil Appeals stated that no reasonable view of the evidence supports the trial court’s finding that Weaver was not an employee of Scott Paper; the Court of Civil Appeals affirmed the trial court’s judgment on that basis, stating that a judgment must be affirmed if it is proper on any basis, even if the trial court entered the judgment for a wrong reason. This Court granted Scott Paper’s petition for a writ of certiorari to review the judgment of the Court of Civil Appeals.
Scott Paper argues that the Court of Civil Appeals did not apply the appropriate standard of review and that it erred in substituting its own finding that Weaver was an employee of Scott Paper. Scott Paper contends that the Court of Civil Appeals erred in holding that there was no evidence of a contract between Scott Paper and Davidson, es: pecially where Weaver and Scott Paper admitted that there was a contract between Scott Paper and Davidson; Scott Paper contends that that contract, along with other evidence, abundantly supports the trial court’s conclusion that Weaver was an employee of Davidson, an independent contractor, and that Weaver was not an employee of Scott Paper.
In reviewing a workers’ compensation case, the reviewing court must first look to see if there is any legal evidence to support the trial court’s findings and, if it finds such evidence, it must then determine whether any reasonable view of that evidence supports the trial court’s conclusion. Ex parte Eastwood Foods, Inc., 575 So.2d 91 (Ala.1991).
The record reveals that, in his amended complaint, Weaver alleged that at the time of his injury there was in full force and effect a written contract between Scott Paper and Davidson; a copy of an unsigned contract between Scott Paper and Davidson was attached to Weaver’s amended complaint. The trial court excluded that unsigned contract from evidence on the issue of whether Davidson was as independent contractor for Scott Paper, but admitted it into evidence on the third-party beneficiary issue. The Court of Civil Appeals stated that in the absence of a contract creating the independent contractor status, Scott Paper could terminate Davidson’s employment at any time and that the reserved right to terminate the contract negates the idea that Davidson was an independent contractor. The Court of Civil Appeals then stated that it found ample evidence to support a finding that Scott Paper reserved the right to control, supervise, hire, and fire Davidson.
Upon our review of the record, however, we conclude that there is legal evidence to support the trial court’s conclusion that Weaver was an employee of Davidson, not an employee of Scott Paper, and we conclude that a reasonable view of that evidence supports the trial court’s conclusion. We do not agree with the conclusion of the Court of Civil Appeals that in the absence of a written *548 contract creating an independent contractor status Scott Paper could terminate Davidson’s employment at any time. Regardless of whether there was evidence of a written contract between Scott Paper and Davidson, evidencing that Davidson was an independent contractor for Scott Paper, there was other evidence before the trial court establishing that Davidson was, in fact, an independent contractor for Scott Paper. Specifically, as noted by the Court of Civil Appeals in its opinion, there is evidence that Davidson hired and fired workers, that he worked when he chose, and that Davidson was paid in accordance with the unsigned agreement with Scott Paper. There is also evidence that Scott Paper did not exercise any actual control over the manner in which Davidson performed his work. The Court of Civil Appeals erred in holding that there was ample evidence to support a finding that Scott Paper reserved the right to control, supervise, and hire and fire Davidson, and it erred in holding that no reasonable view of the evidence supports the trial court’s finding that Weaver was not an employee of Scott Paper.
The Court of Civil Appeals pretermitted discussion of the issue of whether the trial court erred in holding that Weaver was a third-party beneficiary of the contract and that Weaver could recover workers’ compensation benefits from Davidson and Scott Paper on the basis of that contract. Because we have held that the Court of Civil Appeals incorrectly determined that there was no evidence establishing that Davidson was an independent contractor for Scott Paper, we must now determine whether the trial court erred in holding that Weaver was a third-party beneficiary of the contract and that he could recover workers’ compensation benefits from Davidson and Scott Paper on the basis of that contract.
A party seeking to recover in contract as a third-party beneficiary must establish that the contracting parties intended, at the time of the contract, to bestow a direct, as opposed to an incidental, benefit on him. Colonial Bank v. Ridley & Schweigert, 551 So.2d 390 (Ala.1989). The record contains no evidence that, at the time of the contract, Scott Paper intended to confer a direct, as opposed to an incidental, benefit on Weaver sufficient to give him standing to sue to enforce the contract. Accordingly, the trial court erred in holding that Weaver could recover workers’ compensation benefits from Scott Paper on a third-party beneficiary theory.
The judgment is reversed and the cause is remanded to the Court of Civil Appeals for action consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, HOUSTON, STEAGALL, INGRAM and COOK, JJ., concur.