[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 27, 2008
THOMAS K. KAHN
CLERK

No. 08-10915
Non-Argument Calendar
_____

D. C. Docket No. 06-02029-CV-LSC-W

VIRGIL E. COOK,
individually,
VIRGIL E. COOK,
d.b.a. Worm Shack Sporting Goods, Incorporated,

Plaintiff-Counter-Defendant-Appellant,

WORM SHACK SPORTING GOODS, INCORPORATED,

Plaintiff-Counter-Defendant,

versus

TRINITY UNIVERSAL INSURANCE COMPANY OF KANSAS,

Defendant-Counter Claimant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(October 27, 2008)

Before HULL, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Virgil E. Cook, pro se, appeals the district court's entry of summary judgment in favor of Trinity Universal Insurance Co. ("Trinity"), on Cook's breach of contract and bad faith claims arising from Trinity's denial of insurance coverage following a fire at Cook's business (the "Worm Shack").[1] Because we conclude that Cook does not have appellate standing to challenge the entry of summary judgment against the Worm Shack, and that Cook did not individually have standing to pursue his claim before the district court, we do not reach the merits of Cook's appeal.[2] Accordingly, we dismiss the appeal in part, and affirm it in part.

"[W]e are obliged to consider standing sua sponte even if the parties have not raised the issue because an appellate court must satisfy itself not only of its

---

[1] Although both Cook and Worm Shack appealed, we have already held that the notice of appeal was ineffective as to Worm Shack, since it was a corporate entity not represented by counsel, and we have dismissed it from this appeal. See Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985) (holding that a corporation cannot appear pro se even when the person seeking to represent it is the president and major stockholder). Trinity also filed counterclaims against Cook and Worm Shack, and one of these remained unresolved before the district court, but Trinity later renounced this counterclaim and, therefore, "finalized the district court proceedings." Consistent with this, we conclude that Cook's notice of appeal was sufficient to vest us with appellate jurisdiction. Robinson v. Tanner, 798 F.2d 1378, 1382 (11th Cir. 1986) (noting that a premature appeal is reviewable where a subsequent judgment of the district court effectively terminated the litigation, even though no new notice of appeal was filed after the subsequent judgment).

[2] In other words, in light of the disposition based on standing, we find it unnecessary to consider: (i) whether Cook, in his pro se brief, adequately preserved a challenge to the district court's analysis of his contract and bad faith claims; or (ii) whether the grant of summary judgment on those claims was proper.

2

own jurisdiction, but also of that of the lower courts in a cause under review." AT&T Mobility, LLC v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 494 F.3d 1356, 1360 (11th Cir. 2007) (internal quotation marks omitted). "As with all jurisdictional issues, [we] review[] standing de novo." Id. We may affirm the district court on any basis supported by the record. Watkins v. Bowden, 105 F.3d 1344, 1353 n.17 (11th Cir. 1997).

Litigants must establish their standing not only to bring claims, but also to appeal judgments. Arizonans for Official English v. Arizona, 520 U.S. 43, 64 (1997) ("The standing Article III requires must be met by persons seeking appellate review, just as it must be met by persons appearing in courts of first instance."). Though similar and overlapping, the doctrines of appellate standing and trial standing are not identical. See Knight v. Alabama, 14 F.3d 1534, 1555 (11th Cir. 1994). "The primary limitation on [a litigant's] appellate standing is the adverseness requirement which is one of the rules of standing peculiar to the appellate setting. Only a litigant 'who is aggrieved by the judgment or order may appeal.'" Id. at 1556 (citations omitted). Standing must exist with respect to each claim. See Jackson v. Okaloosa County, Fla., 21 F.3d 1531, 1536-37 (11th Cir. 1994). Moreover, a "plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third

3

parties." Warth v. Seldin, 422 U.S. 490, 499 (1975); see also Miccosukee Tribe of Indians of Fla. v. Fla. State Athletic Comm'n, 226 F.3d 1226, 1230 (11th Cir. 2000) ("Absent exceptional circumstances, a third party does not have standing to challenge injury to another party."). Thus, as we noted when we dismissed Worm Shack, an officer or owner of a corporation cannot pursue an appeal for the corporation. Palazzo, 764 F.2d at 1385.

In light of the case law, we are compelled to conclude that Cook, individually, lacks appellate standing to challenge the judgment against Worm Shack, a separate corporate entity, and lacks the ability to prosecute Worm Shack's claims in his own name. We dismiss the appeal to the extent he seeks to do either.

We further conclude that Cook lacked standing before the district court to bring claims on his own behalf. Although the district court did not expressly address this issue, Cook was, as a plaintiff, required to demonstrate "injury in fact, causation and redressability." Elend v. Basham, 471 F.3d 1199, 1205 (11th Cir. 2006). To establish an injury in fact, he had to demonstrate that Trinity invaded one of Cook's "legally protected interest[s]." AT&T Mobility, 494 F.3d at 1360.

Generally, status as a corporate shareholder will not give an individual standing to prosecute a claim on behalf of a corporation. Specifically, we have noted that:

4

[a]n action to redress injuries to a corporation cannot be maintained by a shareholder in his own name but must be brought in the name of the corporation. The shareholder's rights are merely derivative and can be asserted only through the corporation. Although this rule does not apply in a case where the shareholder shows a violation of duty owed directly to him, diminution in value of the corporate assets is insufficient direct harm to give the shareholder standing to sue in his own right.

Stevens v. Lowder, 643 F.2d 1078, 1080 (5th Cir. Unit B Apr. 1981) (internal citations omitted);[3] see also Fla. Seed Co. v. Monsanto Co., 105 F.3d 1372, 1376 (11th Cir. 1997) (noting that, with respect to a suit brought by a sole stockholder on behalf of his corporation, courts have uniformly held that such a stockholder lacks standing to bring an antitrust suit for injury to the corporation).

While standing may be available to third-party beneficiaries of a contract, this designation is usually limited or precluded by the contract at issue, subject to applicable law. "Under Erie Railroad v. Tompkins, [304 U.S. 64] (1938), a federal court in a diversity action must apply the controlling substantive law of the state." Provau v. State Farm Mut. Auto Ins. Co., 772 F.2d 817, 819 (11th Cir. 1985). "The construction of insurance contracts is governed by substantive state law." Id. at 819-20. Thus, whether a petitioner who is a third-party beneficiary has standing

---

[3] Former Fifth Circuit decisions, issued before close of business on September 30, 1981, bind this Court. Bonner v. City of Prichard, 661 F.2d 1206, 1209-10 (11th Cir. 1981) (en banc).

5

to sue is a question of state law. <u>AT&T Mobility, LLC</u>, 494 F.3d at 1360 (<u>citing</u> <u>Miree v. Dekalb County, Ga.</u>, 433 U.S. 25, 29-33 (1977)).

Under Alabama law, one who is not a party to a contract or in privity with a party cannot sue for breach of the contract. <u>Airlines Reporting Corp.</u> <u>v. Higginbotham</u>, 643 So.2d 952, 954 (Ala. 1994). Although "a direct third-party beneficiary may sue on the contract . . . the party claiming to be a third-party beneficiary of a contract must establish that the contracting parties intended, at the time the contract was created, to bestow a direct benefit on the third party." <u>Id.</u> (internal citation omitted). An intended incidental benefit is insufficient to create standing. <u>Ex parte Scott Paper Co.</u>, 634 So.2d 546, 548 (Ala. 1993) (holding that no evidence existed that at time of contract between logger and company that company intended to confer direct benefit on logger's employee sufficient to give employee standing to sue to enforce contract). The intent of the parties controls in construing a written contract and that intent is derived from the contract itself, where the language used is plain and unambiguous. <u>H.R.H. Metals, Inc. v. Miller</u> <u>ex rel. Miller</u>, 833 So.2d 18, 24 (Ala. 2002). "It is only where a contract provision is found to be ambiguous that it may become necessary to consider the surrounding circumstances and the construction the parties gave the language in order to determine the intent of the contracting parties." <u>Id.</u>

The insurance contract here shows that Worm Shack was the only insured and Cook was not a loss payee. Both parties also stipulated to the former. Therefore, based on the plain and unambiguous language of the insurance contract, Cook was not a direct third-party beneficiary under Alabama law, and he lacked standing to pursue the action. See H.R.H. Metals, 833 So.2d at 24; Airlines Reporting, 643 So.2d at 954. Furthermore, Cook, as a shareholder, could not maintain an action to redress injuries to Worm Shack based on diminution of Worm Shack's value as a result of the fire. See Stevens, 643 F.2d at 1080.

In sum, we conclude that Cook lacked standing, individually, to either claim entitlement to insurance proceeds himself or challenge Trinity's denial of Worm Shack's claim as a breach of contract. Moreover, because Cook could not show that he was entitled to prevail on the underlying contract claim, he was also barred from recovering on a bad faith refusal to pay claim, as a matter of law. See Nat'l Sav. Life Ins. Co. v. Dutton, 419 So.2d 1357, 1361-62 (Ala. 1982) (holding that "an insurance contract between the parties and a breach thereof by the defendant" is an element of a "bad faith refusal" claim).

Accordingly, we affirm the entry of summary judgment against Worm Shack and dismiss the appeal as to Cook.

**AFFIRMED IN PART, DISMISSED IN PART.**