[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 23-14201

Non-Argument Calendar

————————————

KIMBERLY K. SISIA,

Plaintiff-Appellant,

*versus*

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

Defendant-Appellee.

————————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:21-cv-02376-ELR

_____

Before JILL PRYOR, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

Kimberly Sisia appeals the district court's dismissal with prejudice of her amended complaint against State Farm Mutual Automobile Insurance Company, as well as the district court's denial of her motion for conditional class certification. We assume the parties are familiar with the factual and procedural details of this matter, which has been ongoing in one form or another since 2012. *See Sisia v. State Farm Mut. Auto. Ins. Co.*, No. 22-12833, 2023 WL 2989832 (11th Cir. Apr. 18, 2023) (unpublished). In short, Sisia seeks reimbursement from State Farm for medical expenses allegedly incurred because of an automobile accident that occurred in 2009. She claims that her automobile insurance policy requires State Farm to pay all of her medical expenses stemming from the accident up to the policy limit. She seeks relief not just for herself, but for "all other State Farm insureds who have been denied medical payments coverage for the same reason."

We review de novo the district court's decision to dismiss a complaint for failure to state a claim. *Lisk v. Lumber One Wood Preserving, LLC*, 792 F.3d 1331, 1334 (11th Cir. 2015). We review the district court's decision to deny class certification for abuse of discretion. *Hines v. Widnall*, 334 F.3d 1253, 1255 (11th Cir. 2003).

Sisia's automobile insurance policy states that State Farm "will pay reasonable medical expenses incurred, for bodily injury

caused by accident," and that "[t]hese expenses are for necessary medical, surgical, X-ray, dental, ambulance, hospital, professional nursing and funeral services, eyeglasses, hearing aids and prosthetic devices." (emphasis omitted). It further explains that State Farm has the right to review "medical expenses and services to determine if they are reasonable and necessary for the bodily injury sustained." (emphasis omitted). Sisia argues that this policy "unequivocally requires State Farm to pay all of Plaintiff's medical expenses" incurred from her automobile accident. But Sisia's argument ignores the plain text of the policy, which unambiguously states that State Farm must pay only for expenses that are "reasonable" and "necessary." The policy explicitly contemplates the possibility that State Farm will *not* pay for medical expenses that it deems *un*reasonable or *un*necessary. Sisia's reading would impermissibly render those parts of the policy meaningless. *See Ace Am. Ins. Co. v. Wattles Co.*, 930 F.3d 1240, 1260 n.22 (11th Cir. 2019).

Sisia relies heavily on *Travelers Indemnity Company v. Watson*, an opinion from the Court of Appeals of Georgia. 140 S.E.2d 505 (Ga. Ct. App. 1965). But Sisia misconstrues the facts and holding of that case. True, the court there considered a policy that similarly covered "reasonable" and "necessary" medical expenses. *Id.* at 506. But the court did not interpret the meaning of those words in the policy. Rather, the issue in the case was whether the "family automobile policy" required the insurer to pay for injuries sustained by the insured's wife. *See id.* The court held that the policy "unequivocally" required the insurer to pay for the insured's

wife's medical expenses, *not* that it had to pay for all expenses, regardless of their reasonableness or necessity. *Id.* at 508.

Because the language of Sisia's insurance policy plainly does not require State Farm to reimburse all medical expenses—only those expenses that it deems "reasonable" and "necessary"—the district court did not err in concluding that Sisia's claim for breach of contract against State Farm could not survive a motion to dismiss. Likewise, the district court did not err in dismissing her claim that State Farm breached its duty of good faith and fair dealing. Such a claim is not actionable unless the allegations of breach are specifically tied to the breach of a contract provision. *See Alan's of Atlanta, Inc. v. Minolta Corp.*, 903 F.2d 1414, 1429 (11th Cir. 1990). "There can be no breach of an implied covenant of good faith where a party to a contract has done what the provisions of the contract expressly give him the right to do." *Automatic Sprinkler Corp. of Am. v. Anderson*, 257 S.E.2d 283, 284 (Ga. 1979).

Finally, the district court did not err in denying Sisia's motion for class certification when it dismissed her complaint. Because her underlying claims lacked merit, it was not an abuse of discretion for the court to find her request for certification of those claims moot. *See Telfair v. First Union Mortg. Corp.*, 216 F.3d 1333, 1343 (11th Cir. 2000).

Accordingly, the well-reasoned order of the district court is **AFFIRMED**.